CAROLINE S. DI DIEGO *v*. FRANCIS ZARRO ET AL.
(7010)

DUPONT, C. J., BORDEN and DALY, Js.

Argued June 7—decision released August 8, 1989

*Marshall Goldberg,* for the appellant (plaintiff).

*Alexander H. Schwartz,* for the appellees (named defendant et al.).

Daly, J. The plaintiff appeals from the trial court's judgment denying her motion for a deficiency judgment. She claims that the court erred (1) in failing to recognize that a deficiency judgment depends upon the value of the premises at the date of redemption, (2) in attacking its own prior finding as to the value of the premises on the date of foreclosure, and (3) in precluding her cross-examination of a defense witness. We find no error.

The following facts are relevant to the disposition of this appeal. On April 19, 1985, the defendants[1] executed a promissory note in favor of the plaintiff in the amount of $354,450. The note was secured by a mortgage on premises known as 87 High Ridge Avenue, Ridgefield. The note stated that it was fully due and payable on August 1, 1985.

The plaintiff instituted a foreclosure action by writ dated March 4, 1986, based on the defendants' failure to pay the note in accordance with its terms. On July 6, 1987, the court granted the plaintiff's motion for strict foreclosure. On that date, the court found the amount of the debt owed to the plaintiff to be $407,671.12, and further found that she was entitled to fees for an appraisal and title search. The court also found the fair market value of the premises to be $1,700,000. A law day for the defendants was set for November 10, 1987.

The defendants did not redeem on their law day and, consequently, the title to the premises vested absolutely in the plaintiff on November 14, 1987, subject to certain prior encumbrances. On November 23, 1987, the plaintiff filed a motion for a deficiency judgment, pursuant to General Statutes § 49-14 (a). After a hearing on April 11, 1988, the court denied the motion. The court later filed an articulation of its decision.

[1] The other defendants in this case hold encumbrances on the property subsequent to that of the plaintiff's. As used in this opinion, the term "defendants" refers only to Francis Zarro and Helaine Zarro.

The plaintiff's first claim of error concerns the proper date on which premises should be valued for a deficiency judgment. Her second claim is that the court's finding as to the value of premises made on the motion for deficiency judgment collaterally attacked its prior finding as to value made in the foreclosure judgment. Because the disposition of these two issues depends upon the correct date on which a court must consider the value of the premises to determine whether a deficiency exists, we consider these claims together.

Certain additional facts are relevant here. At the hearing on the motion for judgment of foreclosure, the court based its decision as to the value of the premises on that date on the testimony of the plaintiff's witness, Josephine Hall, an appraiser.

In her motion for a deficiency judgment, the plaintiff alleged that on the date title vested in her, the premises' value had substantially decreased from its prior value, as found by the court in the foreclosure judgment. At the hearing, the plaintiff presented the testimony of Joan O'Neil, a residential real estate broker. O'Neil expressed her opinion that, as of November 14, 1987, the value of the property was $1,600,000. She attributed the $100,000 diminution in value to the October, 1987 "stock market crash" and the resulting downturn in real estate sales in the Fairfield County area.

The defendant presented the testimony of Stanley Gniazdowski, a real estate counselor and a teacher of real estate valuation. Gniazdowski testified that, on November 14, 1987, the property had a value of $1,725,000. He agreed with O'Neil that the property had diminished in value since the date of the foreclosure. Gniazdowski, however, had appraised the premises at $1,900,000 as of April, 1987, and it was his opinion that the premises' value had diminished to $1,725,000 as of November 14, 1987.

In its articulation of the denial of the plaintiff's motion, the court stated that "the better and weightier evidence establishes a value as of the date of the actual foreclosure (law day) of one million seven hundred twenty-five thousand ($1,725,000) dollars. It accordingly finds, as it did as on April 11, 1988, that the plaintiff is not entitled to a deficiency judgment."

General Statutes § 49-14 (a) permits any party to a mortgage foreclosure, within thirty days after the time for redemption has passed, to file a motion seeking a deficiency judgment. The statute is " 'solely a provision for appraisal and deficiency proceedings *following* foreclosure. The initial determination of strict foreclosure has already taken place, as it must before the statute comes into play.' (Emphasis in original.) *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 568, 409 A.2d 1020 (1979)." *Maresca* v. *DeMatteo,* 6 Conn. App. 691, 694, 506 A.2d 1096 (1986). The underlying purpose of the statute is to require a mortgagee who forecloses to apply the value of the property to the outstanding debt before seeking a deficiency. Id.

The value of the premises on the date that title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment. Id. The articulation clearly indicates that the court in this case properly determined the value of the premises as of November 14, 1987, the date on which title vested in the plaintiff.

The trial court was presented with conflicting evidence as to the value of the premises and it is apparent that credibility was a crucial factor. Faced with a conflict between these two experts, the court, as the trier of fact, was privileged to adopt the testimony it believed to be more credible. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 183, 491 A.2d

1084, cert. denied, 477 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). The court in this case expressly found the testimony of Gniazdowski more credible. "The acceptance or rejection of the opinion of the expert witness is a matter peculiarly within the province of the trier of fact and its determination will be accorded great deference by this court." *Sorenson Transportation Co.* v. *State,* 3 Conn. App. 329, 332, 488 A.2d 458, cert. denied, 196 Conn. 801, 491 A.2d 1105 (1985), citing *Johnson* v. *Healy,* 183 Conn. 514, 515–16, 440 A.2d 765 (1981). Neither § 49-14 nor any case examining it states that the finding of deficiency is based upon the difference between the debt and the value of the property on the date of foreclosure, despite the plaintiff's claim. It is the difference between the debt and the value on the date title vests in the mortgagee that triggers a finding of deficiency. It is irrelevant to the determination of a deficiency under § 49-14 that the court had placed a prior value on the premises for purposes of the earlier foreclosure proceeding. We conclude that the court did not err in finding the value of the premises to be $1,725,000 on the date plaintiff received title, and that she was not therefore entitled to a deficiency judgment.

The plaintiff's final claim is that the court erred in precluding her cross-examination of Gniazdowski on the issue of the value of the premises in July, 1987. Any error in precluding such inquiry was harmless in light of the fact that, in determining deficiency, the court is concerned only with the value of the property on the date title vests in the mortgagee, and not the value on the date of foreclosure.

There is no error.

In this opinion the other judges concurred.