[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 24, 1989 the court (Landau, J.) entered a judgment of strict foreclosure and found the debt to be $1,000,645.40. Law day for this defendant was set at December 18, 1989 although the parties have used the ultimate law day, December 20, 1989. The defendant has failed to redeem. The plaintiff now seeks a deficiency judgment under 49-14.
The statutorily mandated evidentiary hearing was held at which the parties' experts testified in addition to Kurt Wittek, an officer of the defendant corporation. Oral argument followed.
Whether the plaintiff is entitled to a deficiency judgment depends upon whether there is any difference between the plaintiff's claim and the value of the foreclosed premises on the date the title vests in the mortgagee. Eichman v. J J Building Co., 260 Conn. 443, 449. The plaintiff did not file an updated affidavit of debt nor did a representative of the plaintiff testify to that fact. Hence the amount of the debt as found on December 18, 1989 will be used as the amount of the plaintiff's claim under 49-14 (a).
The property consists of three commercial condominium units. The plaintiff's expert testified that their value as of December 20, 1989 was $680,000. The defendants expert, Mark Victor testified that the premises had value of $1,100,000.
It is well established that the court is privileged to adopt whatever testimony it believes credible. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 71-72, and may reject the opinion of one expert and adopt that of another, DiDiego v. Zarro, 19 Conn. App. 291, 295. The court declines to accept the opinion of plaintiff's expert, Michael B. Gold as being not credible. The court accepts the opinion of the defendants' expert, Mark Victor. Since the value of the property at the time the title vested in the plaintiff exceeded the debt, the motion for deficiency judgment is denied.
MOTTOLESE, J.