[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action wherein the plaintiff, following a judgment of strict foreclosure, now seeks a deficiency judgment.
On May 23, 1989, the named defendant executed a mortgage in favor of the plaintiff to secure a promissory note for $116,000. The mortgage was placed on property of the defendant CT Page 6008 Beryl Phillips located at 30-32 Greenfield Street, Hartford, Connecticut. The appraisal report in the file shows that Phillips purchased the subject property on May 24, 1989 for $155,000.00.
On February 10, 1992, the plaintiff obtained a judgment of strict foreclosure, the debt having been found to be $127,099.28. At the hearing on the judgment for strict foreclosure, the court found the fair market value of the property to be $90,000.00.
On May 11, 1992, this action came before the court on plaintiff's motion for a deficiency judgment to be determined on March 17, 1992, the date title became absolute in the plaintiff.
At the hearing on May 11, 1992, the plaintiff presented Beth Rossi, an appraiser, who gave an opinion that the fair market value of the subject property on March 17, 1992 was $90,000.00. The appraiser testified that her valuation on March 17, 1992 was the same valuation previously given as of December 3, 1991.
Upon the court questioning the appraiser as to her basis for her opinion of value, the plaintiff's attorney argued that since the court previously had found the fair market value to be $90,000, that this court was bound by that prior determination. The court concluded the hearing, and requested plaintiff's attorney to submit a brief setting forth his authority for the proposition that in a hearing for a deficiency in a foreclosure matter, the court is bound by a prior determination of fair market value.
On May 22, 1992, a memorandum of law was submitted to the court. Plaintiff's attorney recited the correct law in his memorandum of law that "(i)t is irrelevant to the determination of a deficiency under section 49-14 that the court had placed a prior value on the premises for the purposes of the earlier foreclosure proceeding." DiDiego v. Zorro, 19 Conn. App. 291,295 (1989).
Plaintiff's attorney now focuses in his brief on the issue raised by the court at the deficiency hearing on May 11, 1992, that the purchase of the subject property in March of 1989 for $155,000 should have been a factor for the appraiser to consider in determining fair market value on March 17, 1992, the date title became absolute in the plaintiff. Basically, plaintiff's attorney argues that a sale price approximately three years prior to title becoming absolute is too remote in time to be a fair indicator of value. Plaintiff's counsel further argues in his memorandum that no evidence was presented to the court CT Page 6009 from which the court could conclude that the purchase price in March of 1989 was an arms length bargain and that the court might "readily conclude that an unreasonably high purchase price was agreed upon by a purchaser in the heat of a speculative real estate frenzy." This suggestion is most unlikely, since it was the plaintiff that determined that the subject property was a fit security for its $116,000 loan to the defendant Phillips, and now three years later, presents an appraiser who finds the value to be only $90,000.00.
Plaintiff's appraiser in her appraisal report of December 3, 1991, at which time she determined the subject property to be worth $90,000, used, as a comparable, a house two blocks from the subject, at 18-20 Burton Street, showing a purchase price of $140,000 on August 17, 1990, some 1 1/4 years after the purchase of the subject property for $155,000.00. We further note that the appraisal done on December 3, 1991, was an "eye ball" appraisal, the appraiser looking at the property only from the exterior.
The trial court is "more than a trier of facts or an arbiter of differing opinions of witnesses." See E. F. Realty Co. v. Commissioner of Transportation, 173 Conn. 247, 253 (1977). The trial court is charged with the duty of making an independent determination of fair market value of the mortgaged property in deficiency judgment proceedings. C.G.S. Sec. 49-14(a), E. F. Realty Co. v. Commissioner of Transportation, supra at 253.
In determining the fair market value of real estate "(t)he best test for the determination of value is ordinarily that of market sales." Burritt Mutual Savings Bank v. New Britain, 146 Conn. 669, 674 (1959). Value of real property is not determined at a moment in time, but rather over a period of years. Id. 674, 677.
Applying these principles, we examine the evidence in this case. The owner of the equity purchased the subject property in 1989 for $155,000.00. The plaintiff bank placed a mortgage on the property in 1989 for $116,000.00. In 1990, a nearby house of similar characteristics sold for $140,000.00. The assessor's determination of full value as shown on the appraiser's report was $139,200.00 in 1989. The valuation of the subject property on March 17, 1992, the date title became absolute, is not so removed from the market sales data in 1989 and 1990 as to be too remote in time to be considered as affecting value.
It is axiomatic that the determination of the value of real estate is not an exact science. Under the circumstances, the trial court is permitted broad discretion based upon the CT Page 6010 evidence presented, to make a finding of fair market value. Gray Line Bus. Co. v. Greater Bridgeport Transit District, 188 Conn. 417,419 (1982). See E F Realty Co. v. Commissioner of Transportation, supra 253-54.
We find no basis for the appraiser to conclude that the subject property on March 17, 1992 had a fair market value of $90,000.00. We recognized that the appraiser used other comparables. However, without inspecting the inside of the subject in December of 1990, the comparison of the subject to other comparables loses credibility. Given the range of comparables, we could conclude that the plaintiff has failed to establish the fair market value of the property on the date title became absolute. We could also conclude that the subject property value comes within a range which the court deems to approximate fair market value. We choose the latter.
We recognize that in most deficiency judgment proceedings, as here, the plaintiff is unopposed, and the deficiency determination, becomes a one sided matter.
However, we must be guided by the principles set forth in Farmers and Mechanics Savings Bank v. Sullivan, 216 Conn. 341
(1990), wherein our Supreme Court has stated that, in a foreclosure proceeding, the trial court must treat all parties with fairness so that neither a forfeiture nor a windfall is gained by any party to the proceedings. Id. at 354.
Given the evidence in this case, as previously analyzed, we conclude that the value of the subject property on the date title became absolute is $139,200.00.
The total claim by the plaintiff for a deficiency judgment ($131,846.98) is less than the value of the property as determined by this court. Accordingly, no deficiency exists.
The motion for deficiency judgment is therefore denied.
Aronson, J.