[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CT Page 6981 MOTION TO DISMISS
The sole issue before the court in this matter is whether the defendants' motion to dismiss the substituted plaintiff's motion for deficiency judgment should be granted.
The parties agree on the following facts. On June 6, 1991, a judgment of strict foreclosure entered in favor of The Investors Mortgage Company (the foreclosing plaintiff/mortgagee) upon certain properties mortgaged by the defendants Fay Louise Rodia and John A. Rodia. The Rodias failed to redeem on their law day, and all subsequent encumbrancers also failed to redeem. Title to the premises at issue vested in The Investors Mortgage Company on or about October 9, 1991. On or about October 11, 1991, The Investors Mortgage Company transferred the subject premises by quitclaim deed to Moneyhelpers, Inc. (the substituted plaintiff). On October 30, 1991, The Investors Mortgage Company filed both a motion for deficiency judgment, and a motion to substitute Moneyhelpers, Inc. as plaintiff in that motion. On February 18, 1992, the defendants filed a motion to dismiss the motion for deficiency judgment along with a support memorandum of law. The motion is grounded upon the claim that Moneyhelpers, Inc. lacks standing to prosecute the present motion for deficiency judgment, and that this court accordingly lacks subject matter jurisdiction. On March 6, 1992, the plaintiff filed a memorandum in opposition to the motion to dismiss, claiming, inter alia, that The Investors Mortgage Company was, throughout the period of the mortgage to the Rodias, acting as a trustee in this matter on behalf of Moneyhelpers, Inc.
A motion to dismiss is the proper mechanism by which to raise lack of jurisdiction. Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985).
This motion raises one question whether Moneyhelpers, Inc. is the proper party to bring the motion for deficiency judgment. Accordingly, this motion frames one specific issue: what party has the right to a deficiency judgment subsequent to a strict foreclosure?
Moneyhelpers, Inc. seeks a deficiency judgment pursuant to General Statutes 49-14, which provides:
 (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the CT Page 6982 filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
General Statutes 49-14(a).
The Connecticut Supreme Court has held that General Statutes49-14 is applicable only to claims by foreclosing plaintiffs:
 In the hearing contemplated under 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. The terms of the statute provide that if a deficiency is established, the court shall render "judgment for the plaintiff" and that the "plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment." (Emphasis added.) We must construe "plaintiff" to refer to the plaintiff in the foreclosure action, and not, as the defendants contend, to be merely a reference to "any party" seeking a deficiency judgment. "[General Statutes] 49-14 is . . . by its terms applicable only to claims by foreclosing plaintiffs." Caron, Connecticut Foreclosures (1981) p. 138.
First Bank v. Simpson, 199 Conn. 368, 373, 507 A.2d 997 (1986) (Emphasis added.)
"The underlying purpose of the statute is to require a mortgage who forecloses to apply the value of the property to the outstanding debt before seeking a deficiency." DiDiego v. Zarro,19 Conn. App. 291, 294, 562 A.2d 555 (1989) (Emphasis added.); see also Maresca v. DeMatteo, 6 Conn. App. 691, 694, 506 A.2d 1096
(1986). "Section 49-14 is applicable only to a claim for a deficiency judgment by a foreclosing plaintiff." (Emphasis added.) Investors Mortgage Company v. Diorio, 1 Conn. L. Rptr. 669 (May 25, 1990, Thompson, J.).
Whatever relationship may have existed between Moneyhelpers, Inc. and The Investors Mortgage Company, it is unequivocal from the face of the pleadings in this matter that the latter, and not the former, is the foreclosing plaintiff. Accordingly, Moneyhelpers, CT Page 6983 Inc. lacks standing to prosecute this motion for deficiency judgment, therefore the motion to dismiss is granted.
THE COURT CURRAN, J.