[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bank of Hartford, Inc., is foreclosing a second mortgage executed by the defendants, Saverio Robert Sereno and Barbara Anne Sereno, on February 16, 1989, on the premises at 51 Harrison Street, also known as 51-53 Harrison Street, New Britain, Connecticut, which mortgage was recorded on February 21, 1989, in Volume 998 at page 195 of the New Britain Land Records. This mortgage was one of three given by the defendants to secure an equity line of credit loan of $200,000.00, as set forth in the Agreement and Disclosure Statement.
On February 16, 1989, the defendants owned three separate real properties located at 256 Lincoln Street, New Britain, Connecticut, 17 Ruops Road, Tolland, Connecticut, and 51 Harrison Street, New Britain, Connecticut; each property secured first mortgages to different institutions.
To obtain the loan of $200,000.00 the defendants executed to the plaintiff multi-mortgages on the three properties to secure the loan, since no one or two properties had sufficient equity to protect the interest of the plaintiff.
The entire outstanding balance of the loan was due on February 22, 1990, as set forth in paragraph 3 of the Payment Schedule of the Agreement and Disclosure Statement. The defendants failed to pay the subject mortgage owed to the plaintiff by the defendants. The defendants acknowledged during the trial that no payments have been made on the mortgage since 1990 and that the mortgage is delinquent, except for defendants' claim that the debt was satisfied by virtue of appropriation and merger.
On August 30, 1990, the plaintiff commenced three CT Page 7508 foreclosure actions to foreclose the aforesaid three mortgages. On May 20, 1991, the defendants sold 256 Lincoln Street, New Britain, and, recognizing the plaintiff's second mortgage on said premises, paid to the plaintiff the net proceeds from the sale, leaving outstanding the remaining two mortgages, one on 17 Ruops Road, Tolland, and one on 51 Harrison Street, New Britain.
On September 30, 1991, a judgment of strict foreclosure was entered by the Superior Court for the Judicial District of Tolland at Rockville in Docket No. CV 90-0064013, as to 17 Ruops Road, Tolland. The plaintiff's appraiser for said judgment estimated the fair market value of 17 Ruops Road, Tolland, to be $305,000.00 as of September 30, 1991. The court found the debt owed plaintiff as of September 30, 1991, to be $208,561.68. October 28, 1991, was the law day set for the owners of-the equity of redemption, the defendants, and subsequent days for subsequent encumbrancers, in the inverse order of priorities.
The time limited for redemption in said judgment of strict foreclosure having passed, title to the premises became absolute in the plaintiff on November 4, 1991; After title became absolute in the plaintiff on November 20, 1991, the plaintiff listed the property for sale with Tony J. Wasilefsky for $265,000.00.[1] On January 3, 1992, within two months of the date title vested in the plaintiff, the plaintiff accepted an offer to sell said premises to Mark and Deidre Gleason for $240,000.00, with the closing to take place on or before February 20, 1992.[2]
The defendants argue "that the underlying obligation in the present foreclosure action has been fully satisfied with the appropriation by the plaintiff of property of the defendants." The plaintiff, on September 30, 1991, foreclosed on the property at 17 Ruops Road, Tolland. The defendants argue that this property was security for the same underlying obligation which is the basis of the present foreclosure action. The plaintiff, by its own appraisal, on the date of judgment, determined the fair market value of the property at 17 Ruops Road, Tolland, to be $305,000.00. This appraisal value, as found by the court, exceeded the obligation of the defendants to the plaintiff. Defendants claim that, pursuant to that judgment, the plaintiff received property of sufficient value to fully satisfy the underlying obligation.
The evidence revealed that defendants received from the plaintiff several Customer Account Summary Statements, after the sale of the property at 17 Ruops Road, Tolland, which stated that the obligation owed by the defendants was fully satisfied. Plaintiff's evidence indicated, however, that as a consequence of the strict foreclosure, the plaintiff's mortgage account, CT Page 7509 being treated as a separate, distinct mortgage, was then closed and the account was transferred into Real Estate Owned (REO) on the plaintiff's records.[3] The plaintiff's procedure was to make an internal memo indicating that the loan amount due is zero because of the strict foreclosure against the subject premises, and then to open an account under REO. At no time was the Customer Account Summary Statement used to indicate that the borrowers' obligation to the plaintiff was satisfied.
The issue presented is whether the determination of the fair market value of property being foreclosed is determined on the date judgment of strict foreclosure is rendered or the date title vests in the foreclosing plaintiff.
The defendants claim a value of $288,000.00. The plaintiff claims a value of $240,000.00 for the property. The defendants' appraisal was performed after the fact of title vesting and was an appraisal based on an exterior inspection made on June 6, 1992, seven months after November 4, 1991, and four months after the sale of the property. The appraisal listed three sales, two of which took place five and six months after title vested in the plaintiff. The comparison value of the sales is not persuasive. There is no evidence that defendants' appraiser viewed the inside of the premises on which he based his report.
The court concludes that providing multi-mortgages to secure a single debt is appropriate and consistent with our law.[4]
There are no cases or statutes in Connecticut which address the issue of multi-mortgages used to secure a single debt. Multi-mortgages are of benefit to both the mortgagee and mortgagor. Multi-mortgages have the benefit of not requiring the mortgagee to foreclose all of the multi-mortgages executed if the lender's debt is fully satisfied by the foreclosure of one mortgage prior to a foreclosure of any remaining mortgages. In the case of a blanket mortgage, all the properties secured by the mortgage must be foreclosed on non-payment. In a multi-mortgage situation, only those mortgages needed to satisfy the debt to the lender need be foreclosed; this may be accomplished in stages. Accordingly, this court considers each multi-mortgage separate and distinct and to be treated as an individual mortgage in accordance with the statutes and laws of the State of Connecticut.
The court analogizes the present situation to that of an ordinary deficiency judgment. The rule of law in Connecticut in a deficiency judgment is that the value of the property foreclosed is determined as of the date title vests in the plaintiff pursuant to the foreclosure decree. See Eichman v. J J Building Co., 216 Conn. 443, 445, 582 A.2d 182 (1990); DiDiego v. Zarro, 19 Conn. App. 291, 294, 562 A.2d 555 (1989). CT Page 7510 "[T]he value of the property at the time of redemption by the plaintiff . . . [is] . . . controlling . . . ." Accordingly, the court concludes that the value of the property at 17 Ruops Road, Tolland, is to be determined as of November 4, 1991, the day that title vested in the plaintiff.
The plaintiff earlier obtained a market analysis from Tony J. Wasilefsky, dated October 28, 1991, indicating a value of $275,000.00 for the 17 Ruops Road, Tolland, property. He had listed the property for sale in June of 1991 for $299,000.00. Title vested in the plaintiff on November 4, 1991. Plaintiff, on November 30, 1991, listed the property for sale for $265,000.00.
On January 3, 1992, the plaintiff accepted an offer from a relocated person. That date was within two months of the date of title vesting in the plaintiff. On February 20, 1992, the sale was consummated for $240,000.00. Plaintiff argues that this sale is the best indicator of the fair market value as of the date on which title vested.[5] The appraisal, on September 30, 1991, of the property at 17 Ruops Road, Tolland for $305,000.00 was merely an estimate. It provided the defendants with the opportunity to request a foreclosure by sale, which they did not elect to do. The court determines that, after examining the evidence in the case the value of the property at 17 Ruops Road Tolland, on November 4, 1991, was $240,000.00. The defendants have proven no facts indicating that the sale did not result from "fair negotiations between a desirous buyer and a willing seller." The court finds that the sale price was an accurate indicator of the fair market value of the property.[6]
The court further determines that the following expenses incurred by the plaintiff are allowed in the determination of debt owed by the defendants:
Appraisal fee $ 500.00
Title service 150.00
 Attorney's fees 7,500.00 --------- $8,150.00
The sale of the 17 Ruops Road, Tolland, property did not satisfy the debt to the plaintiff. Therefore, the plaintiff brought the instant action to foreclose on the property at 51 Harrison Street, New Britain.[7] The plaintiff has an outstanding mortgage on the property at 51 Harrison Street, New Britain. Defendants did not request a foreclosure by sale. CT Page 7511
Defendants argue the doctrines of appropriation and merger. Those doctrines do not apply in the present case because there is more than one mortgage deed that secures the debt. The cases cited by defendants relate to those instances where a single mortgage secures the debt. Those cases do not apply to the instant case. A foreclosure of a mortgage shall be a bar to any further action upon that mortgage debt submitted with that mortgage; however, it relates solely to that particular mortgage. It does not automatically relate to the same debt secured by another mortgage. A judgment of strict foreclosure, when it becomes absolute and all rights of redemption are cut off, constitutes an appropriation and merger of the mortgaged property to satisfy the mortgage debt and, for that reason, a party may obtain a deficiency judgment pursuant to General Statutes 49-14. See First Bank v. Simpson, 199 Conn. 368, 370507 A.2d 997 (1986); Bugg v. Guilford-Chester Water Company,141 Conn. 179, 104 A.2d 543 (1954); City Lumber Company of Bridgeport v. Murphy, 120 Conn. 16, 179 A.2d 339 (1935). However, in the instant case, the plaintiff's debt was secured by three mortgages executed by the defendants.
Upon foreclosure of the property at 17 Ruops Road, Tolland, the plaintiff was obligated to pay off the first mortgage and apply the net proceeds to reduce the mortgage debt. The plaintiff could not have proceeded to obtain a deficiency judgment since a balance of the debt remained outstanding and was secured by a duly recorded mortgage on the property at 51 Harrison Street, New Britain. The property at 51 Harrison Street, New Britain, would have to be extinguished before the plaintiff could look to a deficiency judgment against the defendant. As stated previously, this court considers each multi-mortgage separate and distinct and to be treated as an individual mortgage in accordance with the law of the State of Connecticut. It would be inequitable if the mortgagee was unable to obtain full payment of its debt.
The plaintiff must establish a deficiency before it may foreclose on the property at 51 Harrison Street, New Britain. Because the plaintiff has established the deficiency, it is entitled to proceed with the present action to foreclose on the property at 51 Harrison Street, New Britain. Having determined the issues presented, the court, upon motion by counsel, will conduct further proceedings at which time the court will address the remaining issues in the case.
SCHALLER, J.