FARMERS AND MECHANICS SAVINGS BANK *v.* DURHAM REALTY, INC., ET AL.
(11863)

FOTI, FREEDMAN and SPEAR, Js.

Argued January 7—decision released April 26, 1994

Peter W. Benner, with whom were Keith E. Krusz and, on the brief, Gregory T. D'Auria, for the appellant (plaintiff).

Edward G. Lang, for the appellees (defendants).

SPEAR, J. This is an appeal by the foreclosing plaintiff, Farmers and Mechanics Savings Bank, from the denial of its motion for a deficiency judgment. The plaintiff claims that the trial court was required to determine the market value of the subject property and to find a resulting deficiency where there was no evidence of a value in excess of the debt and the undisputed evidence showed a value far less than the debt. The defendants deny that there was such undisputed evidence and claim that General Statutes § 49-14 does not place an affirmative duty on the trial court to determine the fair market value of real property in a deficiency judgment proceeding when the court determines that the parties presented no credible evidence to establish that value.

We affirm the judgment of the trial court. Our review of the record and the transcript of the hearing shows that there was no evidence presented as to the value of the subject property *as of the date title vested* in the plaintiff. Although this point was not raised by the parties, it was addressed in the trial court's order denying the motion for a deficiency judgment and it is dispositive of this appeal.

The following facts are relevant to our review. On December 6, 1988, the defendants, Durham Realty, Inc., and Norbert Pomeranz, executed a promissory note in the principal sum of $2,070,000 payable to the

plaintiff. To secure the note, Durham Realty, Inc., executed a mortgage to the plaintiff on a parcel of land in East Haddam. The plaintiff brought a foreclosure action by a complaint dated December 12, 1991, based on the defendants' failure to pay the note in accordance with its terms. The plaintiff filed a motion for judgment of strict foreclosure on June 19, 1992. Attached to the motion was an appraisal report and an affidavit of the appraiser, stating that he had valued the property at $500,000 as of March 20, 1992. On July 6, 1992, the trial court rendered a judgment of strict foreclosure. The first law day was set for July 29, 1992.

Neither defendant redeemed and, consequently, the title to the property vested absolutely in the plaintiff on July 31, 1992. On August 25, 1992, the plaintiff filed a motion for a deficiency judgment, pursuant to General Statutes § 49-14 (a).[1] After a hearing on September 14, 1992, the court denied the motion, stating in its order of September 15, 1992: "The court having heard evidence offered by the parties concerning the subject motion for deficiency judgment hereby denies said motion. The movant has failed to satisfy its burden of proof by establishing by a fair preponderance of the evidence the reasonable market value of the premises *as of the date of the transfer of title to it.* Costs are not allowed." (Emphasis added.)

---

[1] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

The court later filed an articulation[2] in which it explained why the appraisal evidence was not credible enough to establish value. Although the plaintiff's expert witness testified as to his opinion of the value of the subject property, he did not tie his opinion to *any* particular date.[3] The defendants' expert witness testified as to the value of the property in 1989 and October, 1991, but did not testify to the value of the property on July 31, 1992, the date title vested in the plaintiff.

"The rule of law in Connecticut since 1833, when Connecticut first enacted a deficiency judgment statute, is that the value of the property foreclosed shall be the actual value thereof as of the date when title vested in the plaintiff under the foreclosure decree." *City Savings Bank of Bridgeport* v. *Miko,* 1 Conn. App. 30, 33, 467 A.2d 929 (1983); see also *Di Diego* v. *Zarro,* 19 Conn. App. 291, 294, 562 A.2d 555 (1989). "The

[2] The trial court stated: "The court articulates its order of September 15, 1992, only to the limited extent of unequivocally expounding the bases for its conclusion that the movant had failed to satisfy its burden of proof of establishing by a fair preponderance of the evidence the reasonable market value of the premises as of the date of transfer of title to it. . . . The appraisal testimony offered to the court on behalf of the plaintiff was of no value to the court in ascertaining market value. He was unable to explain the bases for the use of various components that allegedly went into the computation of his opinion as to value. . . . Further, the testimony offered by the witness produced on behalf of the defendant was neither credible enough nor relevant enough for the court to place any reliance thereon in utilizing it to ascertain the fair market value *at the appropriate time.*" (Emphasis added.)

[3] At the hearing on the motion for a deficiency judgment, the plaintiff's counsel unsuccessfully offered as evidence the appraisal report that was submitted with the motion for strict foreclosure. The trial court sustained an objection to that report. At the conclusion of the appraiser's direct examination, the plaintiff's counsel, referring to the appraisal report, asked, "is your testimony based on this exhibit?" The witness answered, "Yes." "It is irrelevant to the determination of a deficiency under [General Statutes] § 49-14 that the court had placed a prior value on the premises for purposes of the earlier foreclosure proceeding." *Di Diego* v. *Zarro,* 19 Conn. App. 291, 295, 562 A.2d 555 (1989).

value of the premises on the date that title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment." *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 449, 582 A.2d 182 (1990), quoting *Di Diego* v. *Zarro*, supra, 294. The plaintiff bears the burden of presenting sufficient evidence for the trial court to determine the value of the property on that date. *Eichman* v. *J & J Building Co.*, supra, 451. It failed to do so here.

In its order denying the plaintiff's motion for a deficiency judgment, the trial court stated that the plaintiff had failed to establish the fair market value of the property as of the date title vested in the plaintiff. In its articulation, the trial court again referred to the plaintiff's failure to establish the value of the property as of the date of transfer of title to it.[4] We conclude that the trial court's order and articulation address the plaintiff's failure to prove value as of the date title vested in a sufficient manner for us to affirm the judgment on that ground.

Even if we were to conclude from reading the trial court's articulation that the court based its decision to deny the plaintiff's motion for a deficiency judgment *solely* on the lack of credible evidence, we are "authorized to rely upon alternative grounds supported by the record to sustain a judgment. . . ." (Citations omitted; internal quotation marks omitted.) *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992); *Latimer* v. *Administrator*, 216 Conn. 237, 252, 579 A.2d 497 (1990); *In re Jennifer G.*, 29 Conn. App. 689, 693, 617 A.2d 921 (1992).

Because we affirm the judgment of the trial court on the ground that the plaintiff failed to prove value as of the date title vested, we need not reach the issues involving the credibility of the expert witnesses who

---

[4] See footnote 2.

testified as to value. Nor do we have to decide the plaintiff's claim that the court was *required* to establish a value for the property and a resulting deficiency because there was no evidence of a value higher than the debt.

The judgment is affirmed.

In this opinion the other judges concurred.