[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT]
This matter comes to the court on a Motion for Deficiency Judgment following a Judgment of Strict Foreclosure entered on December 8, 1993. The matter was scheduled on the Property Short Calendar pursuant to a claim that "oral argument is requested testimony may be required."
The maker of the Mortgage Promissory Note and the Mortgagor is West Road Associates, Inc. The note was guaranteed by Francis Dobrowolski, and the other named defendants. This motion seeks a CT Page 4551 deficiency judgment against West Road Associates, Inc., Francis Dobrowolski, Paul Sweetman, and Alfred L. Dube, for the difference between the defendants' debt and the valuation of the subject property as of the time of vesting on January 22, 1994. Mr. Dobrowolski has appeared, pro se, opposing the claimed deficiency.
The amount of the debt, the court's prior awards, and the Bill of Costs are apparently not in dispute. Those sums are as follows:
 Mortgage Debt $770,179.95 as of 11/30/93
 Per Diem Interest at 7% (or $104.13) $ 5,518.89 from 11/30/93 to 1/22/94
Attorney Fees $ 25,000.00
Taxable Costs $ 3,768.00
 (See Bill of Costs Attached and marked Exhibit A) ----------- TOTAL $804,446.84
The only disputed issue before the court on the present motion is the fair market value of the subject land on the date of vesting, January 22, 1994.
"Under General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14." [First Bank v. Simpson], 199 Conn. 368, 370, 507 A.2d 997
(1986); General Statutes § 49-1. Section 49-14(a) provides, in pertinent part, that "anytime within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion for deficiency judgment." General Statutes § 49-14(a); see also Practice Book § 528. "`The value of the premises on the date that title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment.'" [Eichman v. J J Building Co.], 216 Conn. 443, 449,582 A.2d 182 (1990), quoting [Di Diego v. Zarro], 19 Conn. App. 291, 294,562 A.2d 555 (1989). CT Page 4552
"Implicit in General Statutes § 49-14 is the requirement that the party seeking a deficiency judgment satisfy [its] burden of proof regarding the fair market value of the property as of the date title vests." [Eichman v. J J Building Co.], supra, 216 Conn. 445. The moving party must provide the court with "sufficient evidence to demonstrate that [one] is entitled to a deficiency judgment." Id., 450. Where the plaintiff has failed to meet its burden of proof, the court is not required to set a value for the property; rather the court may simply deny the motion for deficiency judgment. Id.
Furthermore, the value as determined by the Court, Higgins, J., at the hearing on the foreclosure judgment is not binding or determinative of the value by this court at a hearing on a deficiency judgment. Id., 457; see also [Di Diego v. Zarro], supra,19 Conn. App. 295 ("It is irrelevant to the determination of a deficiency under § 49-14 that the court had placed a prior value on the premises for the purposes of the earlier foreclosure proceedings.") This court can only look to and determine value based upon evidence presented to the court at the hearing on the motion for deficiency. The evidence presented in this deficiency action consisted of the following:
— Affidavit of Debt, Dated April 7, 1994
— Testimony of the Appraiser, Christopher S. Buckley
— Plaintiff's Exhibit #1, Appraisal Report dated 4/20/92
 — Plaintiff's Exhibit #2, Appraisal Report Entitled "UPDATE REPORT," dated 1/22/94
 — Defendant's Exhibit #1, A two-page survey map of relevant portions of the Town of East Haddam, CT.
"`The determination of [a property's] value by a court is the expression of the court's opinion aided ordinarily by the opinions of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and its own general knowledge of the elements going to establish it.'" Id., quoting [Hartford Federal Savings Loan Assn. v. Tucker],196 Conn. 172, 183, 491 A.2d 1084, cert. denied, 474 U.S. 920,106 S.Ct. 250, 88 L.Ed.2d 258 (1985). Plaintiff's Exhibit #1 sets out several ways to determine value. The lowest valuation is the CT Page 4553 estimated value of the subject property to a single purchaser as an approved subdivision, which figure is $1,010,000.00. The highest appraisal is the estimated gross sell-out value for sale of the lots over a twelve (12) year period, that figure being $6,793,000.00.
Plaintiff's Exhibit #2 adds little to his Exhibit #1. Furthermore, the Plaintiff's Exhibit #2 at page 3 states:
[PURPOSE AND USE OF THE UPDATE]
 The purpose of this update is to estimate the market value of subject property, in fee simple ownership, under market conditions existing as of January 22, 1994. It is our understanding that this update is to be used in conjunction with a motion for a deficiency judgment. It is recommended that the reader of this report review our previous appraisal of the subject, dated December 1, 1993, for further and more complete information regarding the subject.
(Emphasis in original.).
The court has examined the file and has determined that, although an appraisal report dated December 1, 1993, was offered at the foreclosure hearing, that appraisal was never offered as evidence in the present deficiency action. The appraisal report offered at the deficiency hearing was dated April 20, 1992. See Plaintiff's Exhibit #1. As previously stated, the court cannot, in determining value in a deficiency hearing, look to evidence offered at the foreclosure hearing, unless it is otherwise offered in the subsequent deficiency hearing, or the parties in some way agree that the court consider such. To do otherwise would deny the defendant the right to cross-examine and/or critique the material and/or offer counter balancing information.
It is not the burden of the defendant to prove there is no deficiency; rather it is the burden of the plaintiff to prove the claimed deficiency. See [Eichman v. J J Building Co.], supra,216 Conn. 450. At the time of the deficiency hearing, this court had difficulty in determining the methodology of the appraiser's evaluation. During the hearing, the pro se defendant initiated inquiry as to whether there were certain discrepancies in the evaluation process. The appraiser testified that there are really three separate parcels. Six of the lots have frontage, and have CT Page 4554 received approval by all relevant agencies as building lots. There is also a property subdivision consisting of fifty-six (56) lots (62 lots — 6 frontage lots = 56 lots). This parcel has preliminary subdivision approval. However, unless certain timely steps are taken, the town may revoke this approval. There is other land that is developable, but not subdivided at this time.
The property is situated in both the towns of Colchester and East Haddam, and the development was originally intended to encompass 117 lots. However, all the approved subdivided lots, which total sixty-three (63) in number, are located in Colchester. The raw land in which there has been no subdivision application would, inferentially, be capable of being divided into approximately fifty-four (54) lots (117 lots — 63 lots = 54 lots).
The Appraiser testified that the six lots on the frontage had values of: $49,000; $48,000; $48,000; $48,000; and $45,000. A sixth figure was not given. Two of the frontage lots had prior encumbrances greater in value than their $48,000 worth, thus rendering those lots worthless to satisfy the subject debt. The evaluation for the entire sixty-two (62) lot subdivision was testified to be worth $701,000. After deducting the value of the two $48,000 lots rendered worthless due to prior encumbrances, we are left with a balance of $605,000. Included in that evaluation are the remaining four fully approved frontage lots valued at $48,000 ±.
The court is unable to determine why the remaining four frontage lots, which are capable of immediate sale, would not also have a like value of $48,000, the same as the two lots deducted because of prior encumbrancing. Allowing for other expenses of sale such as real estate commissions, taxes, insurance, etc., each of the four remaining frontage lots would, in the court's judgment, be worth at least $45,000 each, or a total of $180,000.
If the court were to accept the testimony of the appraiser, the court comes to the following conclusion:
The 62 lot subdivision: $ 370,000.00
[Deduct]: The value of the two $48,000 frontage lots which have prior encumbrancing exceeding their value: $ (96,000.00) CT Page 4555
[Deduct]: The value for the four remaining frontage lots at $45,000 each: $ (180,000.00) -------------- The balance of the subdivided interior 56 lots: $ 96,000.00
The appraiser testified further that the evaluation for the additional raw land not yet subject to subdivision consideration is $331,000.00. This sum is more than three times the value of the $96,000 valuation for the already approved fifty-six (56) lot subdivision. It should be noted further that if and when the raw land is subdivided, it would have fifty (50) lots, six lots less than the already approved fifty-six lot subdivided parcel.
The court made inquiry of the appraiser as to how and why certain values were determined. Despite the court's exhaustive review of the appraisal report and update, and pointed inquiry at the hearing, several relevant questions asked by the court remained unanswered. In light of the testimony heard and exhibits presented, this court finds that the plaintiff has failed to carry its burden of proof.
Accordingly, the plaintiff's Motion for Deficiency Judgment is denied.
Walsh, John, J.