[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
Judgment of strict foreclosure entered in this action on November 1, 1993. None of the defendants redeemed and title vested in the plaintiff on January 6, 1994. The plaintiff has moved for a deficiency judgment.
The property subject to the mortgage is a multi-unit house located in Bristol, Connecticut ("subject property"). It has a CT Page 9073 total gross building area of 4,267 square feet and five living units.
A hearing on the Motion for Deficiency Judgment was held on September 9, 1994. At the hearing the attorney for the defendants, David and Janette Cote, represented to the court that the defendants, John and Teressa Pratt, had filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Therefore, the plaintiff proceeded only against the defendants David and Janette Cote.
The plaintiff offered the appraisal report and testimony of Ann Cameron, an appraiser. She testified that the subject property had a fair market value of $120,000 as of January 6, 1994. Her opinion as to value was based primarily on the sales prices of three comparable properties. The first comparable property was a two unit house which was located .3 miles away from the subject property, had 1,690 square feet of gross building area and a sales price of $124,500 in December, 1993. The second comparable was 1 mile away from the subject property, had 3 units 2,688 square feet of gross building area and a sales price of $95,000 in August, 1993. The sales price of the third comparable, a 3 unit house 1.4 miles away from the subject property with 3,486 of gross building area, was $159,000 in September, 1993. Pictures of all of the properties reveal that their exterior conditions and neighborhoods were similar.
The appraisal report indicates a sales price per square foot of building area of $74, $35, and $46, respectively, based on the three comparable properties. When the average of those figures is applied to the square footage of the subject property, the result is a value in excess of $200,000.
Neither the appraiser's testimony nor her report adequately explained why the fair market value of the subject property was so much lower than the value indicated by the appraiser's own comparable sales figures.
The evidence presented by the plaintiff does not support its claim that the fair market value of the subject property was $120,000. If the court were to use the comparable sales figures provided by the appraiser, the court would conclude that the fair market value of the subject property was $200,000 as of the date on which title vested in the plaintiff. Such a finding would result in no deficiency because the total amount of the debt owed to the CT Page 9074 plaintiff as of the date of the hearing was approximately $157,000. However, the total lack of any connection between the appraiser's market analysis and her opinion as to fair market value leads the court to question the validity of any information provided by the appraiser. Since the testimony of Ms. Cameron was the only evidence offered by the plaintiff as to the fair market value of the property, the plaintiff has failed to meet its burden of presenting sufficient evidence for the trial court to determine the value of the property. Eichman v. J J Building Co., 216 Conn. 443,449, 582 A.2d 182 (1990); Farmers Mechanics Savings Bank v.Durham Realty, Inc, 34 Conn. App. 204, 208, ___ A.2d ___ (1994).
For the foregoing reasons, the Motion for Deficiency Judgment is denied.
By the Court,
Aurigemma, J.