[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR DEFICIENCY JUDGMENT #119
On February 3, 1997, a judgment for strict foreclosure entered in this action and the plaintiff's debt was found to be $282,684.45 plus attorney's fees of $1,500.00 plus costs taxed at $1,169.94. All defendants having failed to redeem on their law days, title to the property vested in the plaintiff on March 5, 1997. Pursuant to the plaintiff's motion for judgment of strict foreclosure dated January 6, 1997, the first law day was assigned to Middle Street Associates and the second law day was assigned to James J. Marron, Leroy A. Sipe and Roger A. Bohan. Pursuant to the judgment of strict foreclosure, the law days were ordered to commence running on March 3, 1997.
The plaintiff claims a deficiency on the basis of an appraisal admitted into evidence at a hearing on the plaintiff's motion for deficiency judgment held on May 13, 1997. The appraisal is by Robert J. Petrini and is dated April 22, 1997 and gives a value of the subject property as of March 11, 1997 of $215,000.00.
In arriving at a value through the sales comparison approach, Mr. Petrini analyzed comparable sales in the Town of New Milford, including 21-23 Nicholas Square, 129 Wellsville Avenue and 131 Wellsville Avenue. (See page 21 of Petrini appraisal.) For the income capitalization approach, Mr. Petrini reviewed comparable rental for properties located at 22-24 Middle Street, 7 Bostwick Place, 15 East Street, 57-59 Grove Street, 95 Park Lane and 38-40 Lanesville Road, all in New Milford. It should be noted that the 22-24 Middle Street comparable is located next door to the subject property. (See pages 23 and 24 of Petrini appraisal.) Based on Mr. Petrini's examination and analysis using the sales comparison approach and the income capitalization approach, he arrived at a value of the subject property of $215,000.00. Mr. Petrini testified that his opinion of the value of the property as of March CT Page 5556 5, 1997 was $215,000.00.
John Spinella, Jr. testified as a real estate appraiser for the defendant, Roger Bohan. His appraisal stated that, as of April 1, 1997 the value of the subject property was $260,000.00. Mr. Spinella acknowledged that he is a certified residential appraiser. Mr. Spinella testified that he is not licensed by the State of Connecticut to appraise commercial properties and that he does not have a general certification from the State of Connecticut. He further acknowledged that the subject property contains four residential units and one commercial unit. For the sales comparison approach, Mr. Spinella analyzed three properties located in Danbury, Connecticut, 3-3 1/2 Robinson Street, 17 Southwell Avenue and 36 South Street. He testified that his report indicates that each of those properties is located six miles as the crow files from the subject property at 28 Middle Street, New Milford, Connecticut. Mr. Spinella acknowledged that the sales market in Danbury is different than the market in New Milford.
For the income capitalization approach, Mr. Spinella utilized three different rentals in New Milford at 412 East Street, 16 East Street and 38-40 Lanesville Road. Mr. Spinella did not use 22-24 Middle Street which is located next door to the subject property at 28 Middle Street, New Milford, Connecticut.
This court is the trier of fact and determines the valuation of the property. It tests credibility of the witnesses and is privileged to adopt testimony it believes to be more credible.DiDiego v. Zarro, 19 Conn. App. 291 (1989.
In addition to the testimony of the appraisers, New Milford Tax Collector, Catherine M. Reynolds testified that as of the date the plaintiff took title to the subject premises on March 5, 1997, the total unpaid taxes, interest and lien fees due the Town of New Milford on that property was $42,266.13. Ms. Reynolds also testified that before the end of March, 1997, New Milford Bank and Trust Company did pay the $42,266.13 for the taxes due to the Town of New Milford.
At the evidentiary hearing on May 13, 1997, Petrini testified that he determined the fair market value of the subject property by utilizing the sales comparison approach and the income capitalization approach. he did not value the property based on a cost approach. CT Page 5557
The comparable properties used in Petrini's analysis significantly differ from the subject property. For example, the two pieces of property located on Wellsville Avenue (Sales No. 2 and 3) were built in the early 1900's whereas the subject property was constructed in 1989. Additionally, 129 Wellsville Avenue (Sale No. 2) was not listed on the multiple listing service (MLS) thereby alluding to the possibility that the sale was not an arms length transaction. The appraiser further indicated that the building's interior and exterior were in poor condition and required the buyer to totally refurbish the structure. Petrini did not inspect the interior of the building when he recently updated his original appraisal. He did, however, have access to the property at the time of his original appraisal over one year ago. Petrini testified at that time he initially inspected the property, all of the fixtures and appliances needed replacement. He further testified that the refurbishing of the units may have required abatement of asbestos as well as lead paint. These types of abatements and repairs are considerable capital improvements and can significantly increase the value of the property. The subject property was constructed in 1989 thereby eliminating any possibility of the need for asbestos or lead paint abatement or other capital improvements.
Sale #3, 131 Wellsville Avenue, is a three unit residential structure. The subject property consists of four residential units and one commercial unit. The 131 Wellsville property is considerably older than the subject property and in "inferior condition".
In recapitulating his analysis using the sales comparison approach, Petrini assessed a $43,000 value to each of the residential units. However, his appraisal report does not reveal how he arrived at a figure of $43,000 per unit. The subject property can be marketed as a multi-family dwelling as well as 5 condominium units. Sales Comparison 2 and 3 are not marketable as condominiums and may only be sold as multi-family dwellings.
The income capitalization approach utilized by Mr. Petrini indicates a value of $215,000.00. His calculations afford an effective gross income (EGI) of $33,121.00 or $2,905 per month. Because Petrini's appraisal is a limited appraisal, the court is not privy to the subjective conditions factored into Petrini's calculations. The plaintiff has the burden of proof to establish the value of the property with respect to a motion for deficiency judgment. Eichman v. J. J. Bldg. Co., 216 Conn. 443 (1990). Due CT Page 5558 to the many unknown subjective factors utilized in this portion of Petrini's appraisal, the plaintiff has not met its burden of proof in establishing value pursuant to the income capitalization approach.
In determining whether or not a deficiency judgment should issue, the plaintiff has the burden of proof in establishing that the value of the property, at the time title vests in the plaintiff is insufficient to satisfy the debt. DiDieao v. Zarro,19 Conn. App. 291 (1989).
The court rejects the testimony of both Mr. Petrini and Mr. Spinella but does accept the valuation by the Town of New Milford. It therefore finds the value of the property to be $260,000.00 as of March 5, 1997.
Judgment of Strict Foreclosure February 3 1997
 Debt $282,684.45 Attorney's Fees 1,500.00 Costs (per Bill of Costs) 1,169.94 ----------- Sub-total 285,354.39
 Interest per statute at 10% per annum from date of judgment of strict foreclosure (02/03/97) to date title in mortgage premises vested in the bank (03/05/97):
 30 days at $78.179 per day 2,345.37 ----------- Sub-Total 287,699.76
 Less value of mortgage premises on date title vested in bank (03/05/97) 260,000.00 ----------- Sub-Total 27,699.76
 Interest per statute from date title vested in bank (03/05/97) to date (05/22/97
78 days at $7.588 per day 591.94 CT Page 5559
 Real property taxes to which the mortgage premises is subject as of the date title vested in the bank (03/05/97) 42,266.13 ----------- Proposed deficiency judgment 70,557.83
 Requested additional attorney's fees for deficiency judgment hearing: 300.00 Requested additional appraiser's fee for deficiency judgment hearing: per the invoice of Robert J. Petrini, dated May 1, 1997 275.00 ----------- TOTAL $71,132.83
PICKETT, J.