FIRST BANK *v.* DAVID A. SIMPSON ET AL.
(12600)

HEALEY, SHEA, DANNEHY, CALLAHAN and BARALL, Js.

Argued February 4—decision released April 15, 1986

*Donn A. Swift,* for the appellants (defendants).
*David R. Sirois,* for the appellee (plaintiff).

SHEA, J. The sole issue on this appeal is whether the holder of a second mortgage is barred from instituting an action on the underlying obligation where it did not pursue a deficiency judgment in a foreclosure action instituted by the first mortgagee. The plaintiff, First Bank, brought this action against the defendants, David A. Simpson, Helen D. Simpson, and D. Bruce Simpson, for collection of a promissory note that had been secured by five second mortgages. On cross motions for summary judgment, the trial court found in favor of the plaintiff. The defendants appealed. We find no error.

On March 17, 1983, the defendants executed a promissory note in favor of the plaintiff in the amount of $73,100. As security for the note, the defendants gave the plaintiff second mortgages on each of five condominium units they owned in North Branford. On December 23, 1982, the first mortgagee of each of the five condominium units, Branford Savings Bank, instituted a series of foreclosure actions against the defendants. Branford Savings Bank joined First Bank, the second mortgagee, as a codefendant in each of the actions. Branford Savings Bank obtained a judgment of strict foreclosure and law days for redemption were established. Neither First Bank nor any of the other defendants exercised a right to redeem the property and title to the mortgaged premises became absolute in Branford Savings Bank. On September 16, 1983, First Bank instituted the present action.

Because none of the facts was in dispute, the plaintiff and the defendants filed motions for summary judgment. The defendants conceded that the note was genuine and admitted that they had declined to tender payment to the plaintiff after demand had been made. Nevertheless, the defendants claimed that they were entitled to judgment as a matter of law under

General Statutes §§ 49-1[1] and 49-14,[2] which, they argued, require that the judgment of strict foreclosure in favor of Branford Savings Bank operate as a bar to any further action on the debts owed to any party to the foreclosure proceedings. The trial court denied the defendants' motion for summary judgment and found in favor of the plaintiff. The defendants have appealed, claiming that the trial court erred in concluding that the provisions of General Statutes §§ 49-1 and 49-14 do not bar the plaintiff's action on the underlying note.

Under General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14. General Statutes § 49-14 provides, in relevant part, that

[1] "[General Statutes] Sec. 49-1. WHEN FORECLOSURE A BAR TO FURTHER ACTION ON DEBT. The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided."

[2] "[General Statutes] Sec. 49-14. DEFICIENCY JUDGMENT. (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.

"(b) Upon the motion of any party and for good cause shown, the court

"[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." Public Acts 1979, No. 79-110.[3] Under the statute, a hearing must be held on the motion where the court "shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim." Practice Book § 528. Such a deficiency judgment, in light of § 49-1, is, therefore, the only available means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole. *Simsbury Bank & Trust Co.* v. *Ray Carlson Lumber Co.*, 154 Conn. 216, 219, 224 A.2d 544 (1966); see generally note, "Connecticut Mortgage Foreclosure: Deficiency Judgment and Problems of Subsequent Encumbrancers," 2 Conn. L. Rev.

---

may refer such motion to a state referee, who shall have and exercise the powers of the court with respect to trial, judgment and appeal in such case.

"(c) Any party to a mortgage foreclosure who has moved for an appraisal of property for the purpose of obtaining a deficiency judgment, but has not been granted a deficiency judgment, or has not received full satisfaction of any deficiency judgment obtained subsequent to the filing of such motion, may make a motion to the court for a deficiency judgment as set forth in subsection (a) of this section. If such motion is made on or before November 1, 1979, such moving party shall be deemed to have complied with all of the requirements of subsection (a) of this section and shall be entitled to the benefit of any deficiency judgment rendered pursuant to said subsection (a).

"(d) Any appeal pending in the supreme court with regard to any deficiency judgment or proceedings relating thereto shall be stayed until a hearing is held pursuant to subsection (a) of this section. Any appellant in such an appeal shall have the right for a period of thirty days after the rendering of judgment pursuant to subsection (a) of this section to amend his appeal. There shall be no stay of such an appeal if no motion has been filed pursuant to this section on or before November 1, 1979."

[3] General Statutes § 49-14 was amended in 1979 in order to comport with the due process principles enunciated in our decision in *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 409 A.2d 1020 (1979). The prior version of the statute was declared unconstitutional because it did not afford the mortgage debtor the opportunity to participate in the determination of the value of the mortgaged property by presenting evidence. Id.

413 (1969); note, "An Act Concerning the Foreclosure of Mortgages," 32 Conn. B.J. 200 (1958).

We agree with the defendants' interpretation of the statutes to the extent that § 49-1 would prohibit a foreclosing first mortgagee, such as Branford Savings Bank, which had failed to avail itself of the deficiency judgment procedure of § 49-14, from instituting any further action against the defendants. We cannot, however, construe these statutes to have the same effect with reference to further action on the underlying obligation by a nonforeclosing second mortgagee, such as First Bank.

The defendants' argument is refuted by the express language of §§ 49-1 and 49-14. General Statutes § 49-1 provides that "the *foreclosure of a mortgage* is a bar to any further action upon the *mortgage debt,* note or obligation . . . ." (Emphasis added.) We construe the term "mortgage debt" to refer to the mortgage of the plaintiff who initiated the foreclosure action. The defendants urge us, however, to interpret this provision as barring First Bank from bringing suit on its underlying obligation merely because it was joined as a party to the foreclosure proceedings. The judgment of strict foreclosure clearly vested absolute title in the foreclosing first mortgagee and extinguished any interest of the plaintiff in the foreclosed property. *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 25, 179 A. 339 (1935). A note and the mortgage securing it are, however, separate instruments executed for different purposes. *Little* v. *United Investors Corporation,* 157 Conn. 44, 48, 245 A.2d 567 (1968). Although First Bank's interest in the property was extinguished by the judgment of foreclosure, it did not initiate the foreclosure proceedings, and, therefore, is not prevented from proceeding independently against the defendants on the underlying note. "[T]he provisions of § 49-1, by which a foreclosure is made to bar any

further action on the note, clearly are applicable only to foreclosing plaintiffs and have no effect upon the debts of nonforeclosing subsequent encumbrancers." Caron, Connecticut Foreclosures (Sup. 1984) p. 37.

In the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. The terms of the statute provide that if a deficiency is established, the court shall render "judgment for the *plaintiff*" and that the "*plaintiff* in any further action upon the debt, note or obligation, shall recover only the amount of such judgment." (Emphasis added.) We must construe "plaintiff" to refer to the plaintiff in the foreclosure action, and not, as the defendants contend, to be merely a reference to "any party" seeking a deficiency judgment. "[General Statutes §] 49-14 is . . . by its terms applicable only to claims by foreclosing plaintiffs." Caron, Connecticut Foreclosures (1981) p. 138. The deficiency judgment procedure of § 49-14 is, therefore, inapplicable to First Bank.

The defendants claim that by interpreting § 49-14 as inapplicable to nonforeclosing second mortgagees, undue prejudice can result to mortgagors in a situation where there is sufficient equity in the property to satisfy the second mortgage, as well as all prior encumbrances. They assert that had First Bank sought a deficiency judgment it would have enabled the defendants to realize a greater price on the subsequent sale of the property. The defendants misconstrue the nature of a strict foreclosure. A judgment of strict foreclosure vests absolute title in the foreclosing plaintiff, upon the failure of the other parties to redeem the property. When title becomes vested it is free and clear of all fore-

closed interests and, therefore, the foreclosing plaintiff can sell the property completely for its own benefit. Any price received by the mortgagee is not subject to claims by parties whose interests had been foreclosed. Even if our statutes provided some sort of procedure for a nonforeclosing second mortgagee to seek a deficiency judgment within the same proceeding as the first mortgagee's foreclosure action, the deficiency would always be the entire amount of the second mortgage debt where title had become absolute in the first mortgagee as in this case. Such a procedure would not result in a "deficiency judgment" in the sense the legislature contemplated in § 49-14. Further, the right to redeem the property or to move for a foreclosure by sale under § 49-24 both provide protection to a mortgagor or subsequent encumbrancer who believes the property has sufficient value to satisfy claims beyond that of the foreclosing plaintiff.

The defendants find the primary support for their position in the provision of § 49-14 that "any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." The defendant argues that in order to give meaning to the word "any," the deficiency judgment procedure must be available to parties other than the foreclosing plaintiff. An examination into the history of the statute discloses the origin of the term "any party." Prior to 1957,[4] a foreclosing mortgagee could recover the difference between the value of the foreclosed property and the debt either by seeking a deficiency judgment in the *same* proceeding under what is now § 49-14 *or* by a separate action on the mortgage

---

[4] Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action on the underlying promissory note. *Swift* v. *Edson*, 5 Conn. 532, 534–35 (1825). In 1833 the legislature removed the prohibition against further action on the mortgage debt, and allowed a mortgagee to institute a separate action to collect the difference between the amount owed and the value of the foreclosed property as determined by the court. Public Acts 1833, c. 18, §§ 1, 2. In 1878, the legislature conditioned the

debt, note or obligation against anyone who had been made a party to the foreclosure action. General Statutes (1949 Rev.) § 7191; General Statutes (1902 Rev.) § 4124; *Bugg* v. *Guilford-Chester Water Co.,* 141 Conn. 179, 182, 104 A.2d 543 (1954); *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 695, 25 A.2d 652 (1942); *Atlas Realty Co.* v. *House,* 120 Conn. 661, 670, 183 A. 9 (1936); *Cion* v. *Schupak,* 102 Conn. 644, 648, 129 A. 854 (1925); *Acampora* v. *Warner,* 91 Conn 586, 588, 101 A. 332 (1917). In this light, it is entirely logical that the legislature intended to afford to the mortgagor the right to trigger the deficiency judgment procedure. Because a mortgagor remained personally liable on the note, it might have been in his best interest to request a deficiency judgment in order conclusively to establish the extent of his liability. Without such a judgment, in a subsequent action on the debt, the debtor would be in the difficult position of having to establish the value at the time of the foreclosure judgment of land that might no longer be owned or controlled by the mortgagee. Allowing mortgagors to initiate deficiency judgment proceedings comports with the overall legislative policy of determining the rights of the parties in a single proceeding. To the extent that a nonforeclosing mortgagee or other junior encumbrancer may have an interest as a creditor of the mortgagor in determining his solvency, the legislature for similar reasons may have used the broad term "any party" to allow such creditors who had been joined as defendants to obtain a complete determination of the indebtedness of the mortgagor to the foreclosing mortgagee. It should be

---

mortgagee's right to pursue an independent action on the note upon making the person or persons liable on the note a party to the foreclosure. Public Acts 1878, c. 129, § 1. The statutory provision, which remained unchanged until 1957, provided: "The foreclosure of a mortgage shall be a bar to any further action upon the mortgage debt, note or obligation, *unless* the person or persons who are liable for the payment thereof are made parties to such foreclosure." (Emphasis added.) General Statutes (1949 Rev.) § 7191.

noted, however, that the provision that "any party to a mortgage foreclosure *may* file a motion seeking a deficiency judgment" merely provided an option for a party to invoke the deficiency judgment procedure. (Emphasis added.)

In 1957 the General Assembly drastically changed the rights of a foreclosing mortgagee when it enacted Public Acts 1957, No. 443, presently § 49-1, under which a foreclosing mortgagee cannot, after the entry of judgment, maintain a separate action on the underlying debt, note or obligation against any person liable thereon except those upon whom personal service could not have been made at the commencement of the foreclosure action. This enactment, however, barred "any further action on the mortgage debt," referring only to the mortgage being foreclosed, and thus did not affect the rights of subsequent encumbrancers to pursue their remedies. The prohibition of further action on the debt, mandating that the rights between the mortgage debtor and the foreclosing mortgagee be concluded in a single proceeding; 7 H.R. Proc., Pt. 4, 1957 Sess., pp. 2374–76; rendered obsolete the less beneficial protection against an untimely determination of the amount of a deficiency judgment available to a mortgagor or subsequent encumbrancers under § 49-14 by initiating the deficiency judgment procedure during the foreclosure proceeding. The failure of the legislature to enact an amendment to § 49-14 restricting the option to request a deficiency judgment to the foreclosing mortgagee, in order to correspond with the 1957 ban of later actions upon the debt secured by the foreclosed mortgage, does not support the defendants' position. Their contention that a nonforeclosing second mortgagee who does not seek a deficiency judgment forfeits the right to collect his mortgage debt would require that we construe the provision of § 49-14 that any party to a foreclosure "may" move for a deficiency

judgment to be a mandatory condition precedent to a further action on the debt owed to a subsequent encumbrancer. Such a statutory interpretation is wholly unwarranted.

We conclude that the failure to resort to the deficiency judgment procedure detailed in § 49-14 makes the bar of § 49-1 upon a subsequent action on the mortgage debt applicable only to foreclosing plaintiffs. Accordingly, although the judgment of strict foreclosure eliminated any interest of First Bank in the mortgaged property, § 49-1 does not prevent its independent action on the underlying obligation.

There is no error.

In this opinion the other judges concurred.