MARTIN H. FACTOR *v.* FALLBROOK, INC., ET AL.
(9397)

O'CONNELL, NORCOTT and HEIMAN, Js.

Argued April 30—decision released July 2, 1991

*Bruce A. Fontanella,* for the appellant (plaintiff).

*Ahmed A. Dadi,* pro se, the appellee (defendant).

O'CONNELL, J. This is a mortgage foreclosure action in which the plaintiff appeals from the denial of his motion for a deficiency judgment. The sole issue is whether a deficiency judgment is barred in this case by General Statutes § 49-1.[1] We reverse the judgment of the trial court.

[1] General Statutes § 49-1 provides in pertinent part that *"[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt,* note or obligation against the person or persons who are liable for payment

The following facts are dispositive of this appeal. The plaintiff foreclosed a second mortgage on real estate owned by the defendant Fallbrook, Inc. (Factor foreclosure). The defendant Ahmed A. Dadi, president of Fallbrook, Inc., was impleaded because he had signed the mortgage note in his individual capacity. Dadi is the sole appellant and is referred to hereafter as the defendant. On November 21, 1989, a judgment of strict foreclosure was rendered and law days were assigned. If the defendant did not redeem on his assigned law day, title to the premises would have vested in the plaintiff on April 3, 1990. Prior to that date, however, United Credit Corporation, the holder of a first mortgage on the property, commenced its own foreclosure action in which law days were assigned starting January 3, 1990 (United Credit foreclosure). When no one redeemed, title vested in United Credit before the date of the first law day set for redemption in the Factor foreclosure.

Within thirty days of the time limited for redemption in the Factor foreclosure, the plaintiff moved for a deficiency judgment claiming that because title had passed to the first mortgagee he gained no interest in the property as a result of his own foreclosure action and, therefore, his mortgage debt remained fully unsatisfied. The defendant argued that § 49-1 bars further action on the mortgage debt, and, therefore, the plaintiff was not entitled to a deficiency judgment. The trial court agreed with the defendant and denied the plaintiff's motion. The plaintiff appealed from that decision.

Historically, a foreclosure proceeding was an absolute bar to further action on the mortgage debt. In

thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure . . . ." (Emphasis added.)

*M'Ewen* v. *Welles,* 1 Root 202, 203 (1790), the Supreme Court enunciated that "[i]f [the mortgagee] choose[s] to take the land and to make it his own absolutely, whereby the mortgagor is totally divested of his equity of redemption, the debt is thereby paid and discharged: And if it eventually proves insufficient to raise the sum due, it is the mortgagee's own fault, and at his risk." Starting in 1835, a succession of statutes established a mortgagee's right to a judgment for the deficiency when the value of the property proves inadequate to satisfy the mortgage debt in full.[2] "Since the entry of a judgment of foreclosure precludes any further common law proceedings upon the note, the legislatively created remedy of the deficiency judgment is the only available means of satisfying a mortgage debt when the security is inadequate to make the plaintiff whole." D. Caron, Connecticut Foreclosures (2d Ed.) § 9.05A, pp. 157–58; see *Eichman* v. *J & J Building Co.,* 216 Conn. 443, 448, 582 A.2d 182 (1990); *First Bank* v. *Simpson,* 199 Conn. 368, 370–72, 507 A.2d 997 (1986). The *Simpson* court articulated that "[u]nder General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14."[3] *First Bank* v. *Simpson,* supra, 370.

---

[2] See General Statutes (1835 Rev.) tit. 31, c. 4; Public Acts 1878, c. 129; General Statutes (1888 Rev.) §§ 3010, 3011; General Statutes (1902 Rev.) §§ 4123, 4124; General Statutes (1930 Rev.) §§ 5080, 5083; General Statutes (1949 Rev.) § 7191; Public Acts 1957, No. 443; Public Acts 1979, No. 79-602; *Wilcox* v. *Bliss,* 116 Conn. 329, 332, 164 A. 659 (1933).

[3] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and

The trial court relied on *Simpson* in ruling that the § 49-1 bar applies only to a foreclosing mortgagee and that it does not affect the rights of a subsequent encumbrancer to pursue its remedies on the underlying obligation. Id., 377. This is a correct statement of the law but the proposition is inapposite to the facts of the present case. With respect to the United Credit foreclosure, the plaintiff was a subsequent encumbrancer and thus could not pursue a deficiency judgment in that action. The matter before the trial court in this case, however, was not the United Credit foreclosure but the Factor foreclosure. In the Factor foreclosure, the plaintiff was not a subsequent encumbrancer but was a foreclosing mortgagee and had all the rights and liabilities attached to that status. Thus, he was entitled to a deficiency judgment but was barred from pursuing any other action on the mortgage debt. As a foreclosing mortgagee, the only avenue available to him to satisfy the debt was a timely motion for a deficiency judgment.

There is no merit to the defendant's contention that the plaintiff lost his deficiency judgment rights in the Factor foreclosure because he did not redeem the property in the United Credit foreclosure. Nor is there merit to his argument that the plaintiff's motion for a deficiency judgment had to be filed within thirty days after title became absolute in the United Credit foreclosure. The plaintiff filed his motion within thirty days of the time limited for redemption in the Factor foreclosure and that was sufficient. His motion for a deficiency judgment, therefore, should not have been denied.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."