[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 8, 1993, the Receiver of Rents (hereinafter "Receiver") moved for approval of final accounting and permission of the court to transmit funds' with regard to property known as CT Page 5992 Units A and B on Lexington Avenue in Greenwich. The funds are rent proceeds from the subject property from February and March and the Receiver seeks to transmit them to the attorney for Norma C. Giles, a defendant, original property owner, and second mortgagee (hereinafter "Giles").
On April 22, 1993, the plaintiff, Federal Deposit Insurance Corporation (hereinafter "FDIC"), as receiver of Citytrust, filed an objection to the Receiver's motion to the extent that it seeks authorization to remit the funds to Giles' attorneys. On April 29, 1993, Giles filed a memorandum in opposition to the FDIC's objection.
According to Giles' memorandum in opposition, on September 29, 1992, the FDIC, as first mortgagee, sought to foreclose on the subject property. A Receiver of Rents was appointed and the FDIC moved for strict foreclosure on December 8, 1992. On January 5, 1993, the court granted strict foreclosure and assigned law days for the defendants. After her original law day was extended at her request, Giles redeemed the property by discharging the full debt of the FDIC secured by the first mortgage. The FDIC held first and third priority as first and third mortgagee and Giles had second priority as second mortgagee.
In support of its objection, the FDIC argues that Giles' debt was satisfied at her law day, when she redeemed the property, the value of which exceeds both the amount of the debt and the amount paid to the FDIC as first mortgagee. The FDIC further argues that in its capacity as third mortgagee, it is entitled to the sums that the receiver seeks to remit, since its debt as third mortgagee is not satisfied. Giles states in her opposition that the FDIC, as third mortgagee, allowed its law day of January 25, 1993 to pass without redeeming, and is now claiming funds received after it foreclosed itself from further action on the debt. Giles argues that General Statutes 49-1 bars any action by the FDIC since there was a foreclosure and the FDIC failed to file a motion seeking a deficiency judgment within thirty days, pursuant to 49-14. Giles further argues that the FDIC as third mortgagee has failed to establish that value of the premises or to establish the amount of debt owned to Giles as a second mortgagee.
"An action for foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, CT Page 5993 175, 491 A.2d 1084 cert. denied, 474 U.S. 920, 106 S.Ct. 250
(1985).
It is not disputed that the court assigned the FDIC, as third mortgagee, a law day of January 25, 1993, and the FDIC did not redeem on that day, so the third mortgage was foreclosed. General Statutes 49-1 provides that "the foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note, or obligation against any person or persons who are liable for the payment thereof who are parties to the foreclosure . . ." General Statute 49-14 carves out an exception to this rule and provides in relevant part that "at any time within 30 days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." First Bank v. Simpson, 199 Conn. 368, 373, 507 A.2d 997 (1986). The FDIC did not file such a motion, and the thirty-day period has expired. However, "although the judgment of strict foreclosure eliminate[s] any interest of [a nonforeclosing property, 49-1 does not prevent its independent action on the underlying obligation. First Bank v. Simpson, supra, 377.
The court finds that the FDIC, in its capacity of third mortgagee, was a nonforeclosing mortgagee, subsequently it can bring an independent action of the underlying debt in that capacity. However, the FDIC is not attempting to bring an independent action, but rather, is claiming an interest in rent proceeds, which is an interest in the mortgaged property. The judgment of strict foreclosure eliminated this type of interest. The judgment of foreclosure vests absolute title in the foreclosing mortgagee and extinguishes any interest of mortgagees who do not exercise their right of redemption in the foreclosed property. First Bank v. Simpson, supra, 372. In this case, although the FDIC is both the foreclosing mortgagee plaintiff and the third mortgagee defendant who did not redeem, since it is claiming an interest in the mortgaged property in its capacity as third mortgagee, such a claim is barred by 49
Even if the FDIC as third mortgagee was able to assert an interest in the mortgaged property, its argument that the value of the property exceeded the debt owed to Giles is without merit. "It is irrelevant to the determination of a deficiency under 49-14
that the court had placed a prior value on the premises for purposes of the earlier foreclosure proceeding." Di Diego v. Zarra, 19 Conn. App. 291, 295, 562 A.2d 555 (1989). The value placed on the premises during a foreclosure proceeding is not CT Page 5994 dispositive when the issue is raised subsequent to such proceeding.
The only support of its argument offered by the FDIC is Berin v. Robbins, 109 Conn. 329, 146 A.2d 724 (1929); where the court held that a prior encumbrancer was entitled to funds collected by a receiver in preference to a subsequent encumbrancer. However, the court noted that if
 "the plaintiff in the foreclosure action actually takes possession of the property by "the plaintiff in the foreclosure action actually takes possession of the property by virtue of his foreclosure decree and the property is of greater value than the amount of the debt, that act constitutes an appropriation of the property to the payment of the debt in full and the debt is discharged in the same way it would be as if paid in money." Id. 334.
This does not lend support to the FDIC's argument because, as noted above, the value placed on the premises during the foreclosure proceedings is not dispositive, so that FDIC has not demonstrated that the property value is greater than Giles' debt.
Giles' argument in the opposition to the FDIC's objection is the more sound one, and is supported by the applicable statutes and caselaw. The objection by the FDIC is denied, and final accounting of the receiver is approved.
HICKEY, J.