[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"Since the entry of a judgment of foreclosure precludes any further common law proceedings upon the note, the legislatively created remedy of the deficiency judgment is the only available means of satisfying a mortgage debt when the security is inadequate to make the plaintiff whole." Factor v. Fallbrook, Inc., 25 Conn. App. 159, 162, 593 A.2d 520 (1991), quoting D. Caron, Connecticut Foreclosures (2nd Ed.), 9.05A, p. 157-58.
"Under General Statutes 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes 49-14." First Bank v. Simpson, 199 Conn. 368, 370,507 A.2d 997 (1986). General Statutes 49-14 provides that, "`[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment.'"
The defendants have challenged the plaintiff's standing to seek a deficiency judgment due to the fact that an Amended Complaint was not filed. However, at the hearing before this court, Sylvester, J., on May 18, 1993, the defendants concede that the recent case of Federal Deposit Ins. Corp. v. Retirement Management Group, Inc., 31 Conn. App. 80, A.2d (1993), which allowed a substitution of a plaintiff prior to the filing of the deficiency judgment, makes this argument without merit.
The defendants' second claim is that the court may deny the deficiency in the absence of any credible evidence. See Eichman v. J J Building Co., 216 Conn. 443 (1990). The plaintiff has had an appraisal done by one appraiser, Arnold J. Grant of Arnold J. Grant Associates. The defendants have had two appraisals, one by Mr. Ferrarone of The Landmark Appraisal Group, Inc. and the other by Mr. Nocera of the Nocera Group. The court heard testimony from all three appraisers and also heard the testimony of co-defendant Alan Behan regarding alleged inaccuracies of Arnold J. Grant's appraisal.
The plaintiff's appraiser, Arnold J. Grant of Arnold J. Grant Associates, has valued the subject property at $3,060,000.00, as of December 26, 1992, the date title vested in the plaintiff. CT Page 6242 (See Plaintiff's Exhibit A B). The defendants' appraisers have valued the subject property at $4,350,000.00, by Mr. Ferrarone of Landmark, and $4,295,000.00, by Mr. Nocera of The Nocera Company.
There is obviously a considerable difference between the defendants' and the plaintiff's appraisers as to the value of the subject property. When faced with a conflict between experts, the court, as the trier of fact, is privileged to adopt the testimony it believes to be more credible. See Hartford Federal Savings 
Loan Association v. Tucker, 196 Conn. 172, 183, 491 A.2d 1084, cert. denied, 477 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258
(1985); DiDiego v. Zarro, 19 Conn. App. 291, 294 (1989). "Ultimately, the determination of the value of the land depend(s) on the considered judgment of the [trial court], taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties. . . ." A M Realty v. Dahms,217 Conn. 95, 101, A.2d (1991), quoting Bennett v. New Haven Development Agency, 148 Conn. 513, 516, 172 A.2d 612 (1961).
The court finds that the appraisal done by Mr. Ferrarone of Landmark is without credibility. The landmark appraised contained several basic arithmatic errors. One such error was the addition of $64,000.00 to the cost to complete, when this amount should have been subtracted to reflect cost to complete, resulting in a $128,000.00 error. (See p. 73 or Landmark Appraisal, Defendant's Exhibit #8). Furthermore, Mr. Ferrarone admitted he had left out things from his appraisal that he shouldn't have.
Plaintiff's experts' report was also strewn with an abundance of errors. The defendant Alan Behan's report numbers some 300 factual mistakes contained in the five appraisals submitted by Arnold J. Grant Associates. (See Defendants' Exhibit #9). While some of these alleged factual mistakes are insignificant, for example the misspelling of a road, it is also noted that there are some factual errors which are sigificant [significant], such as the square footage of the type A B apartments being incorrectly listed as 1080 square feet, instead of 1098 square feet. This is a fact which is easily ascertained by checking the land records. The total number of inaccuracies and the fact that these inaccuracies were not rectified leads the court to believe that there was a lack of attention paid to this appraisal. The court finds that the Grant Appraisal is therefore without sufficient credibility to be considered by the court.
The court finds that the Nocera Appraisal is the only CT Page 6243 appraisal to be sufficiently free from obvious errors to be considered by the court as a credible opinion of the value of the subject rent property.
The amount owed on defendants' debt is $5,074,571.96 plus interest from December 20, 1991. (See Order of Court, Zoarski, J.). The value of the subject property; is $4,295,000.00 (See Nocera Appraisal, Defendant's Exhibit #7). The deficiency judgment before costs, interest, and attorneys' fees is $779,571.96.
ATTORNEYS' FEES
The plaintiff's attorney's affidavit of attorney's fees lists attorney's fees in the amount of $30,331.01. The defendants argue that this amount is excessive and over three times the amount defendant's attorney has charged for the same action. Plaintiff's attorney has attached to its Affidavit of Attorney's Fees a detailed billing of this action. (See Plaintiff's Exhibit A).
The plaintiff was awarded $25,000.00 in attorneys fees in the judgment of strict foreclosure. An appraisal fee of $2,500.00 was also included in this judgment. (See Zoarski, J.'s order of Nov. 25, 1991.) The deficiency judgment hearing required less than one and a half days of trial. The defendants called three witnesses and the plaintiff called one. While there was a standing issue raised which required briefing and the plaintiff did have two appraisal reports and a third report critiquing plaintiff's appraiser's report, a fee of $30,331.01 for this deficiency judgment is excessive. An attorney's fee in the amount of $15,000.00 is reasonable.
As for the request of $9,000.00 for the appraisal of Arnold J. Grant Associates, this fee is clearly excessive. The court in the strict foreclosure awarded $2,500.00 for the appraiser's fee. No additional reports were prepared by plaintiff's appraiser after the date of the strict foreclosure (November 25, 1991), except for a letter from Arnold J. Grant Associates verifying the amount of the appraisal dated January 26, 1992. (See Plaintiff's Exhibit B). While plaintiff's attorney's fees bill (See Plaintiff's Exhibit A attached to Affidavit of Attorney's fees), shows approximately 21 hours were spent conferencing with Arnold J. Grant concerning the deficiency judgment hearing, an additional day and a half was spent in the hearing, as well as preparing for the hearing, this amount of work does not justify an additional CT Page 6244 $9,000.00. The court finds that $3,000.00 is a reasonable fee for plaintiff's post strict foreclosure appraiser's fee.
In conclusion, the court awards plaintiff attorney's fees in the amount of $15,000.00 and an appraisal fee of $3,000.00, to be added to the deficiency judgment amount of $779,571.96. This amount does not include post strict foreclosure interest and costs.
SYLVESTER, J.