[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff First Federal Bank initiated this action to foreclose a mortgage owned by the plaintiff on the property of the defendant. The mortgaged property was a condominium unit in the Bunker Heights Condominiums. Also named as a defendant was the Bunker Heights Association, Inc., who was alleged to have a statutory lien pursuant to General Statutes § 47-258(b) on the property securing common charge assessments.
During the pendency of this action, Bunker Heights Association commenced a separate action to foreclose its lien on the same unit. The plaintiff redeemed the property in that action and took title to the property. The plaintiff has amended the complaint, withdrawing its action against the defendant Bunker Heights Association, abandoning the foreclosure action, and seeking to enforce the note against the defendant for the principal balance, less the credit for the value of the property received by appropriation of the unit in Bunker Height's foreclosure action. The defendant filed an appearance pro se and an answer denying all the allegations of the amended complaint. CT Page 11616
The plaintiff moved for summary judgment on the amended complaint, arguing that it is entitled to judgment as a matter of law because no genuine issue of material fact exists with respect to the allegations of the complaint. In support of summary judgment, the plaintiff has submitted the a copy of the promissory note executed by the defendant, a copy of the mortgage deed, copy of the satisfaction of the judgment from the Bunker Heights action, and the affidavit of the plaintiff's senior vice president. In opposition to summary judgment, the pro se defendant submitted an affidavit outlining his alleged defenses. Because the plaintiff has failed to demonstrate the nonexistence of a genuine issue of material fact, the unsupported assertions in the defendant's affidavit need not be addressed.
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
Initially, the plaintiff raises the issue itself as to whether its initiation of this action as a foreclosure proceeding prohibits the plaintiff from enforcing the note. Pursuant to General Statutes § 49-1 "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable CT Page 11617 for the payment thereof who are made parties to the foreclosure . . ." The bar on enforcing the note following foreclosure imposed by General Statutes § 49-1 applies only to a foreclosing mortgagee and it does not affect the rights of a subsequent encumbrancer to pursue its remedies on the underlying obligation. First Bank v. Simpson, 199 Conn. 368, 377,507 A.2d 977 (1986); see also Factor v. Fallbrook, Inc., 25 Conn. App. 159,163, 593 A.2d 520 (1991). A subsequent encumbrancer in another party's foreclosure action may not pursue a deficiency judgment in that action. Factor v. Fallbrook, Inc., supra,25 Conn. App. 163. In the present case, although the plaintiff took title to the property by redeeming, the plaintiff did not initiate the foreclosure proceeding through which it took title and did not foreclose its mortgage. Accordingly, General Statutes § 49-1 does not prohibit the plaintiff from enforcing the note against the defendant.
With respect to the note, General Statutes (Rev. to 1989) § 42a-3-307 provides that "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." See also Commonwealth Land Title Insurance v. Miller,395 S.E.2d 243, 245 (Ga.App. 1990) (construing similar provisions of Georgia law); Citicorp. International Trading Co., Inc. v.Western Oil Refining Co., Inc., 790 F. Sup. 428, 434 (S.D.N Y 1992) ("Proof of a note and a failure to make payment thereon establishes a prima facia case for recovery on the note.") The plaintiff has submitted a copy of the note, executed by the defendant in favor of the plaintiff. The defendant did not contest in his affidavit the plaintiff's ownership of the note or the validity of his signature on the note. The plaintiff also submitted evidence, by way of the affidavit of the plaintiff's vice president, that the defendant defaulted on his obligation to make monthly payments in accordance with the terms of the note, and that the plaintiff had accelerated the debt pursuant to the terms of the note. However, the plaintiff has not moved for partial summary judgment as to liability only; see Practice Book § 385; but rather summary judgment on the entire complaint.
With respect to the issue of the amount due under the terms of the note, the plaintiff's vice-president avers that the defendant is entitled to a credit against the principal balance of the note (approx. $60,000.00) for $30,000.00 representing the value of the secured unit to which the plaintiff obtained title CT Page 11618 in the Bunker Height's foreclosure proceeding. Practice Book § 381 "provides that `[s]upporting and opposing affidavits shall be made on personal knowledge [and] shall set forth facts aswould be admissible in evidence.'" (Emphasis added.) Sheridanv. Board of Education, 20 Conn. App. 231, 240, 565 A.2d 882
(1989). The affidavit does not contain any basis for supporting the vice-president's assertion as to the value of the property used to establish the defendant's ultimate debt. Accordingly, a genuine issue of material fact exists, and therefore, summary judgment is denied.
SYLVESTER, J.