[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES
The plaintiffs, David N. and Seafair M. Narr, have sued on a promissory note executed by the defendants, N. Nicoll Snow and Rose Adams. Snow filed an answer and four special defenses. In her first, second and third special defenses Snow alleges that the note was executed for the purchase of two parcels of real property, and was secured by a second mortgage on that property. Snow further alleges that the first parcel was sold with the proceeds applied toward payment of the note, that the second parcel was foreclosed upon by the first mortgagee, that the plaintiffs were party defendants in the foreclosure, and that they took no action in the foreclosure to protect their collateral. In her first, second and third special defenses, Snow alleges that because of the plaintiffs' actions in the foreclosure proceeding the plaintiffs have impaired their collateral, are estopped from asserting an outstanding indebtedness, and have waived any right to repayment, thereby discharging Snow.
The plaintiffs move to strike Snow's first, second and third special defenses on the ground of legal insufficiency.
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 8202 the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiffs argue that Snow's first, second and third special defenses are legally insufficient because a second mortgagee's failure to redeem in a foreclosure instituted by a first mortgagee does not extinguish the second mortgagee's right to recover on the underlying note. Snow contends that the plaintiffs' motion to strike should be denied because it is speaking, and that it has been filed out of order in violation of Practice Book § 112.
The plaintiffs have appended two exhibits to their motion to strike relating to the value of the property. Evidence submitted by the plaintiffs, while not proper on a motion to strike, is extraneous to the issue, and is not necessary for the determination of the motion. The court disregards the plaintiffs' exhibits and determines the motion to strike on the face of the pleadings. Furthermore, although the plaintiffs have filed the motion to dismiss outside of the order of pleadings, the court, on April 10, 1995, granted the plaintiffs permission to file out of order.
Regarding the merits of the motion, in First Bank v. Simpson,199 Conn. 368, 372, 507 A.2d 997 (1986), the court determined that a judgment of strict foreclosure vested absolute title in the foreclosing first mortgagee, while extinguishing any interest of the subsequent encumbrancer in the foreclosed property. Nevertheless, "[a] note and the mortgage securing it are . . . CT Page 8203 separate instruments executed for different purposes." Id. The court further determined that the provisions of General Statutes § 49-1, "by which a foreclosure is made to bar any further action on the note, clearly are applicable only to foreclosing plaintiffs and have no effect upon the debts of nonforeclosing subsequent encumbrancers." (Internal quotation marks omitted.) Id., 372-73. The court held that a judgment of strict foreclosure does not prevent a subsequent encumbrancer from initiating an "independent action on the underlying obligation." Id., 377.
Snow alleges in her special defenses that the plaintiffs were party defendants in the foreclosure action, not foreclosing plaintiffs. Thus, the foreclosure has no effect on the plaintiffs ability to recover on the underlying debt, but only extinguished the plaintiffs' interest in the property. Snow's first, second and third special defenses are legally insufficient, and the plaintiffs' motion to strike is granted.
D'ANDREA, J.