[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dyck-O'Neal, Inc. (D-O), instituted this action by complaint dated March 25, 1996, against the defendant, Michele Marie Sapan, n/k/a Michele Marie Molinaro (Sapan), seeking to recover on a promissory note given to D-O's predecessor in interest, Centerbank. Sapan executed a promissory note (note) in favor of Centerbank on March 31, 1989, in the amount of $104,300, which was subsequently assigned to D-O. The note refers to a mortgage or other security instrument guaranteeing the note; however, no mortgage has been attached to the pleadings. Though there is no reference in the note as to what was used as collateral for the loan, it appears to be a condominium unit in Waterbury.
D-O asserts that a foreclosure action was brought in the judicial district of Waterbury by the Victoria Court Condominium Association against Sapan. No copies of the pleadings in that action are before this court, and the caption of that action, according to the plaintiff's memorandum of law, indicates that Sapan was not the first-named party to that action. Although the nature of the prior action is not clear, it appears that it may have been an action for common fees brought under Sec. 47-258 of the General Statutes.[1] D-O stated in its complaint that Centerbank "redeemed the property" in the action brought by the condominium association, and it is now seeking to recover on the note, which it alleges is unpaid.
Sapan denies that the note is in default and has asserted, as a special defense, that D-O is barred from recovering on the note because its predecessor did not seek a deficiency within the time period allowed by statute. Sapan has also asserted two claims for set-offs.
D-O has moved for summary judgment, arguing that it is entitled to judgment as a matter of law on the complaint and that CT Page 7342 Sapan's special defense and claims for set-off are without legal merit. It argues that not only was Centerbank not required to seek a deficiency judgment in the prior foreclosure action, it was not permitted by law to seek a deficiency. D-O relies onFirst Bank v. Simpson, 199 Conn. 368, for this proposition. D-O has referred to Centerbank as a junior lien holder in the prior foreclosure even though Centerbank was the first mortgage holder, since the condominium association's statutory interest took priority in that action. Sapan has not filed an objection to D-O's summary judgment motion.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Moreover, "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03.
Simply stated, there are not enough facts in the record to determine whether D-O is entitled to judgment as a matter of law on the note. While counsel for D-O has properly provided affidavits and certified copies of the note and assignments, there are still questions that remain unanswered about the salient facts pertaining to this note. For example, though counsel has indicated in his memorandum in support of the motion that there was a foreclosure action in Waterbury brought by the condominium association against Sapan, there is nothing of an evidentiary nature before the court to verify the nature of the proceeding, who the parties to the action were, including other creditors, the relief sought, or the final disposition.[2] D-O also asserts in its memorandum that its mortgage interest was extinguished by virtue of the prior foreclosure action; however, as noted above, there is no copy of the mortgage in the file that the court can review. Moreover, since Sec. 47-258 (b) sets forth certain exceptions to its priority scheme, the court must make a determination that Centerbank was, in fact, a junior encumbrancer that was not permitted to seek a deficiency. This, it cannot do. To reiterate, all of the relevant documents are not before it.
Accordingly, even though Sapan apparently has no objection to CT Page 7343 D-O's motion for summary judgment, there is an insufficient factual basis for the court to conclude that D-O is entitled to judgment as a matter of law, and the motion, therefore, is denied.
Moraghan, J.