JP MORGAN CHASE BANK, N.A. *v.* WINTHROP
PROPERTIES, LLC, ET AL.
(AC 33874)

Gruendel, Robinson and Sheldon, Js.

Argued May 29—officially released August 28, 2012

*Hugh D. Hughes*, with whom, on the brief, were *William F. Gallagher* and *David Pinciaro*, for the appellants (defendant Zeev Zuckerman et al.).

*Walter M. Spader, Jr.*, for the appellee (substitute plaintiff).

*Opinion*

ROBINSON, J. In this mortgage foreclosure action, the defendants Zeev Zuckerman and Leon Szusterman, personal guarantors of the mortgage debt (guarantors),[1] appeal from a deficiency judgment rendered against them by the trial court in favor of the plaintiff 1533 Chapel, LLC,[2] and from the court's decision granting a motion to strike their notice of defense as legally insufficient. The guarantors claim on appeal that the court erred in striking their notice of defense and awarding a deficiency judgment because General Statutes § 49-1[3] barred the plaintiff from taking any further action to collect upon the obligation of the guarantors after the plaintiff failed to file a motion for a deficiency judgment within the thirty day time limit provided for

[1] This opinion will refer to Winthrop Properties, LLC, the mortgagor and named defendant, as the defendant.

[2] The named plaintiff, JP Morgan Chase Bank, N.A., assigned its interest in the subject note and mortgage to 1533 Chapel, LLC, which later was substituted as the party plaintiff. We will refer in this opinion to 1533 Chapel, LLC, as the plaintiff.

[3] General Statutes § 49-1 provides: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided."

in General Statutes § 49-14.[4] We agree and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts and procedural history. In 2005, the defendant borrowed $1,012,500 from Washington Mutual Bank. In return for the loan, the defendant executed a promissory note and a mortgage on property in New Haven known as 1533 Chapel Street, also known as 1531 Chapel Street. As a further condition to obtaining the loan, the guarantors were required to execute a personal guarantee in which they assumed joint and several liability for repayment of the note. The defendant later defaulted on the note by failing to make the required monthly mortgage payments. JP Morgan Chase Bank, N.A., as the successor in interest to Washington Mutual Bank, filed the present action.[5]

Count one of the operative complaint sought to foreclose on the mortgage securing the note. Count two sought to enforce the guarantee. The ad damnum clause indicated that the plaintiff sought, inter alia, a judgment of strict foreclosure and a "deficiency judgment against the makers of or obligors on the note described herein." Shortly after commencing the action, the plaintiff filed a motion for a judgment of strict foreclosure.

The plaintiff filed a motion for summary judgment as to liability only on February 17, 2010. The plaintiff directed the motion to both counts of the complaint, arguing that there were no genuine issues of material fact concerning liability and that it was entitled to judgment as a matter of law. On May 20, 2010, the court

---

[4] General Statutes § 49-14 (a) provides in relevant part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ."

[5] After JP Morgan Chase Bank, N.A., assigned its interest in the subject note to the plaintiff; see footnote 2 of this opinion; the plaintiff filed an amended complaint that is the operative complaint for purposes of this appeal.

issued an order granting summary judgment against the defendant and the guarantors as to liability only. Subsequently, on June 28, 2010, the court granted the plaintiff's motion for a judgment of strict foreclosure.[6] In rendering the judgment of strict foreclosure, the court found that the fair market value of the subject property was $325,000 and that the debt was $1,159,014.55, plus attorney's fees. The court set the defendant's law day for August 23, 2010. The defendant did not appeal the foreclosure judgment,[7] nor did it attempt to redeem the property prior to the passing of its law day. Accordingly, on August 24, 2010, in the absence of redemption by the defendant, title to the subject property vested in the plaintiff.

On October 14, 2010, more than thirty days after the time in which to redeem the subject property had expired, the plaintiff filed a motion for a deficiency judgment. Recognizing that the motion was not timely filed, the plaintiff never sought adjudication of the motion. Instead, on January 14, 2011, in reliance on the fact that summary judgment as to liability had been granted against the guarantors on count two of the complaint, the plaintiff filed a request for a hearing in damages on that count. On March 4, 2011, the guarantors filed an objection to the request for a hearing in damages. They argued that, because the plaintiff had not filed a motion for a deficiency judgment within thirty days of the running of the law days as required by § 49-14, the plaintiff was barred by § 49-1 from taking any further action to collect money damages from the guarantors. The plaintiff filed a reply to the objection. The guarantors also filed a notice of defense in which

---

[6] On July 2, 2010, the court issued notice to the parties indicating that the June 28, 2010 judgment of strict foreclosure constituted a partial judgment on the complaint in favor of the plaintiff as to count one.

[7] Although count two of the complaint remained pending, the defendant was not a party to that count; therefore, the judgment of strict foreclosure was an appealable final judgment. See Practice Book § 61-3.

they raised the same argument made in their objection to the request for a hearing in damages. On March 22, 2011, the plaintiff filed a motion to strike the guarantors' notice of defense,[8] arguing that "[t]he purported defense is legally insufficient for it fails to defeat the plaintiff's cause of action on count two of the complaint, as a guaranty is a separate and distinct contractual instrument upon which the plaintiff can proceed to judgment." The guarantors filed an opposition to the motion to strike.

The court granted the motion to strike on May 12, 2011, stating: "The court adopts the analysis of *Connecticut Bank & Trust Co.* v. *Boston Post Ltd. Partnership*, [Superior Court, judicial district of New London, Docket No. 515294 (December 12, 1990) (3 Conn. L. Rptr. 56)] in finding count two, the 'guaranty' count, a separate, independent and distinct cause of action from that stated in count one. The failure of the plaintiff to timely seek a deficiency judgment on count one is of no moment to the cause of action stated in count two. The motion to strike the defense raised by a failure to secure a deficiency judgment on count one is therefore granted." On August 24, 2011, the court, *Hon. Howard F. Zoarski*, judge trial referee, following a hearing in damages, rendered a deficiency judgment in the amount of $1,295,888.45 against the guarantors and in favor of the plaintiff. This appeal followed.

The guarantors first claim that the court erred by granting the plaintiff's motion to strike their notice of

---

[8] The court, *Zemetis, J.*, held a hearing on the guarantors' objection to the hearing in damages on March 14, 2011, at which time the court construed the guarantors' objection to the hearing in damages as raising a special defense to count two, namely, that the plaintiff's failure to obtain a deficiency judgment on count one barred it from collecting any damages under count two based on liability under the guarantee. The court instructed the plaintiff to file a responsive pleading to the notice of defense in order to create a "clean record" for appellate review, which resulted in the filing of the motion to strike.

defense on the ground that it failed to allege a legally sufficient defense. According to the guarantors, the language of §§ 49-1 and 49-14 supports their argument, raised in the notice of defense, that a foreclosure plaintiff who fails to file a timely motion for a deficiency judgment cannot recover additional damages from a guarantor based on the terms of a guarantee, the purpose of which was to secure the debt owed under the mortgage note. We agree.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, 109 Conn. App. 125, 128–29, 952 A.2d 56 (2008). Accordingly, we must consider the legal sufficiency of the defense raised by the guarantors in their notice of defense. If we determine that the defense was legally sufficient, we must reverse the court's decision to grant the motion to strike.

To the extent that we must engage in statutory interpretation in exercising our plenary review, we are mindful that "[w]hen construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering

such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Lopa* v. *Brinker International, Inc.*, 296 Conn. 426, 430, 994 A.2d 1265 (2010).

"The law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . In exercising its equitable discretion . . . the court must comply with mandatory statutory provisions that limit the remedies available to a foreclosing mortgagee." (Citations omitted.) *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 256–57, 708 A.2d 1378 (1998). "Historically, a foreclosure proceeding was an absolute bar to further action on the mortgage debt. In *M'Ewen* v. *Welles*, 1 Root [(Conn.)] 202, 203 (1790), the Supreme Court enunciated that [i]f [the mortgagee] choose[s] to take the land and to make it his own absolutely, whereby the mortgagor is totally divested of his equity of redemption, the debt is thereby paid and discharged: And if it eventually proves insufficient to raise the sum due, it is the mortgagee's own fault, and at his risk. Starting in 1835, a succession of statutes established a mortgagee's right to a judgment for the deficiency when the value of the property proves inadequate to satisfy the mortgage debt in full." (Internal quotation marks omitted.) *Factor* v. *Fallbrook, Inc.*, 25 Conn. App. 159, 161–62, 593 A.2d 520, cert. denied, 220 Conn. 908, 597 A.2d 332 (1991).

Section 49-1 currently provides in relevant part that "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the

payment thereof who are made parties to the foreclosure . . . ." Section 49-14 provides an exception to § 49-1 that is applicable in cases in which the value of the foreclosed property is inadequate to satisfy wholly the mortgage debt. Specifically, it provides that the foreclosing mortgagee may "within thirty days after the time limited for redemption has expired . . . file a motion seeking a deficiency judgment." General Statutes § 49-14 (a). Our Supreme Court has stated that "strict compliance with [§ 49-14 (a)'s] provisions [is] a condition precedent to the entry of a deficiency judgment. . . . The necessity of a definite rule of general application and, as well, an unvarying adherence to it, is manifest. Departures from it, if permitted, might lead to grave abuse." (Internal quotation marks omitted.) *Linden Condominium Assn., Inc.* v. *McKenna*, 247 Conn. 575, 589, 726 A.2d 502 (1999). Thus, it is well settled in Connecticut that, "[u]nder . . . § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in . . . § 49-14." *First Bank* v. *Simpson*, 199 Conn. 368, 370, 507 A.2d 997 (1986). "Such a deficiency judgment, in light of § 49-1, is, therefore, the *only available means of satisfying a mortgage debt* when the security is inadequate to make the foreclosing plaintiff whole." (Emphasis added.) Id., 371.

In the present case, the plaintiff filed a two count complaint in which it elected to pursue alternative theories for recovering the debt owed under the promissory note. Count one of the operative complaint sought to foreclose on the mortgage securing the debt, and count two sought to enforce the guarantors' obligation to pay the debt pursuant to the terms of the guarantee. It was proper for the plaintiff to join those separate causes of

action in a single complaint; see Practice Book §§ 10-21 through 10-26; although the plaintiff would not have been entitled to collect twice upon the same debt. See *Mahon* v. *B.V. Unitron Mfg., Inc.*, 284 Conn. 645, 663, 935 A.2d 1004 (2007). Once the judgment of strict foreclosure was rendered and the plaintiff obtained title to the foreclosed property following the running of the law days, § 49-1 acted to bar *"any further action* upon the mortgage debt, note *or obligation"* against anyone who was "liable for the payment thereof" and who had been made a party to the foreclosure action. (Emphasis added.) General Statutes § 49-1.

It is undisputed that the guarantors were parties to the foreclosure action. They were liable for the repayment of the mortgage debt because of their obligation under the guarantee. The plain and unambiguous language of the statute provides that once a plaintiff mortgagee obtains the subject property by strict foreclosure, it is barred from taking further action to collect on the debt, not only against the borrower but against any persons who may be liable for the debt, which would include a guarantor. The plaintiff would have us conclude that the term "obligation" as used in § 49-1 only refers to the obligation directly incurred under the note and mortgage, although it provides no legal support for such a reading of the statute. If that was the intention of the legislature, there would have been no need to include the additional term "obligation," as the statute expressly barred any further action upon the mortgage debt and note.

At a hearing in damages on the second count of the operative complaint seeking enforcement of the guarantee, the plaintiff would not have been entitled to recover a full repayment of the debt from the guarantors because the plaintiff had been made partially whole by taking title to the mortgaged property. The only measure of damages available to the plaintiff on the second

count of the complaint would have been an amount equal to any deficiency judgment. Here, because the plaintiff failed to timely file a motion for a deficiency judgment in accordance with § 49-14, and, in fact, abandoned its attempt to seek adjudication of the untimely motion, a deficiency judgment was never established. We conclude that § 49-1 barred the plaintiff from obtaining any additional remedy from the guarantors based on their obligation to repay the mortgage debt under the guarantee. On the basis of that determination, we further conclude that the guarantors' notice of defense was not legally insufficient and, therefore, the court improperly granted the plaintiff's motion to strike the notice of defense. Having decided that the guarantors raised a proper defense that barred any deficiency judgment against them in favor of the plaintiff as a matter of law, it follows that the court also improperly rendered the deficiency judgment.

The deficiency judgment is reversed and the case is remanded with direction to vacate the award of damages.

In this opinion the other judges concurred.